FILED

2025 DEC -9  PM 2: 41

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY_____

1  JANE DOE
   P.O Box 1679 #4062
2  Sacramento, CA 95812
   (805) 303-3768
3  Email: jdoeholdings2026@gmail.com
   Safe at Home Participant
4
   PLAINTIFF in *Pro Se*
5

7  UNITED STATES DISTRICT COURT

8  CENTRAL DISTRICT OF CALIFORNIA

10  JANE DOE, an individual

        Plaintiff,

12      v.

13  RUSSELL D. REDEAUX, an individual; OTSS,

14  LLC, a limited liability company and DOES 1

15  through 10

16      Defendant

Case No.: CV 25- 11686- PA (PVCx)

COMPLAINT FOR TRADEMARK
INFRINGEMENT, FRAUD ON USPTO,
UNFAIR COMPETITION, AND TORTIOUS
INTERFERENCE

**DEMAND FOR JURY TRIAL**

18  TO THE HONORABLE COURT:

19  **COMPLAINT FOR:**

20  1. **TRADEMARK INFRINGEMENT UNDER THE LANHAM ACT (15 U.S.C. § 1125(a))**

21  2. **UNFAIR COMPETITION UNDER THE LANHAM ACT (15 U.S.C. § 1125(a))**

22  3. **FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a))**

23  4. **FRAUD ON USPTO**

24  5. **TORTIOUS INTERFERENCE WITH BUSINESS RELATIONSHIPS**

25  6. **CALIFORNIA UNFAIR COMPETITION (Cal. Bus. & Prof. Code § 17200)**

26  **NATURE OF THE ACTION**

27  1. This action arises from Defendants' systematic campaign to steal, misappropriate, and interfere

28  with Plaintiff's established "OTSS - ONLY THE STRONG SURVIVE" trademark and business

Complaint 1

relationships in violation of the Lanham Act, 15 U.S.C. § 1125(a), which protects unregistered trademarks based on priority of use in interstate commerce.

2. **LANHAM ACT SUPERIOR RIGHTS:** Plaintiff owns superior common law trademark rights under the Lanham Act through first commercial use in 2019 and continuous use thereafter, entitling her to federal protection against infringement regardless of registration status.

3. **NEW CRITICAL EVIDENCE:** In June 2025, Defendant RUSSELL D. REDEAUX successfully interfered with Plaintiff's six-year business partnerships by making false ownership claims, causing actual marketplace confusion and demonstrating his fraudulent USPTO application has concrete harmful effects.

4. This interference proves Defendants' fraudulent conduct has moved beyond theoretical harm to actual business damage, establishing clear grounds for federal trademark protection under the Lanham Act.

**PARTIES**

5. Plaintiff JANE DOE is an individual residing in California and the true owner and operator of the "OTSS - ONLY THE STRONG SURVIVE" trademark since 2019.

6. Defendant RUSSELL D. REDEAUX (hereinafter referred to as "RUSSELL") is an individual residing in Thousand Oaks, California, who fraudulently filed a trademark application for "OTSS - ONLY THE STRONG SURVIVE" despite actual knowledge of Plaintiff's prior use and superior rights.

7. Defendant OTSS, LLC (hereinafter referred to as "OTSS, LLC") is a Mississippi limited liability company controlled by RUSSELL as the sole owner and member, originally formed as a trucking company but used to file the fraudulent trademark application for "OTSS - ONLY THE STRONG SURVIVE" as the nominal applicant while RUSSELL maintained actual control and direction of the application process.

8. DOES 1 through 10 are persons or entities whose true names are unknown to Plaintiff but who have participated in the wrongful conduct alleged herein.

**JURISDICTION AND VENUE**

9. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) as this action arises under the Lanham Act and federal trademark law.

10. This Court has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.

11. Personal jurisdiction exists over Defendants as RUSSELL resides in California and conducted the wrongful acts within this district.

12. Venue is proper pursuant to 28 U.S.C. §§ 1391(b) and (c).

**FACTUAL ALLEGATIONS**

**Plaintiff's Priority Use and Superior Lanham Act Rights (2018-2025)**

13. **2018:** Plaintiff incorporated "Only The Strong Survive Foundation" in California, establishing foundation for trademark development. See Exhibit A.

14. **June 18, 2019:** Plaintiff established commercial operations and began interstate commerce activities. See Exhibit B.

15. **July 3, 2019: PRIORITY DATE** - Plaintiff made first commercial sale of "OTSS - ONLY THE STRONG SURVIVE" branded merchandise in interstate commerce, establishing superior common law rights under the Lanham Act. See Exhibit C.

16. **SUBSTANTIAL PERSONAL INVESTMENT:** From 2019-2025, Plaintiff made substantial personal investment in developing and promoting the "OTSS - ONLY THE STRONG SURVIVE" brand, including significant financial resources for business development, marketing, and trademark protection efforts.

17. **2019-2025 CONTINUOUS USE:** Plaintiff maintained continuous commercial use in interstate commerce through:

- Six-year manufacturing partnerships for nationwide distribution
- Professional website operations serving customers across multiple states
- 12,000-15,000 social media followers across multiple platforms (See Exhibit E)
- Community engagement and celebrity endorsements (See Exhibit F)
- Interstate expansion to Nevada in 2022

- Documented sales and business activities throughout California and beyond

18. **ADDITIONAL COMMERCIAL ACTIVITIES:** Plaintiff's documented e-commerce sales represent only a portion of her total commercial activities, as additional sales were conducted through direct cash transactions that are not reflected in online sales records.

19. **LANHAM ACT DISTINCTIVENESS:** Through continuous use since 2019, Plaintiff's "OTSS - ONLY THE STRONG SURVIVE" mark has acquired distinctiveness and consumer recognition in the clothing and lifestyle brand marketplace.

20. **PLAINTIFF'S USPTO APPLICATIONS:** To protect her established rights, Plaintiff filed trademark applications with the USPTO:

- Application Serial No. 98577766 for "Only The Strong Survive Foundation" in Class 036
- Application Serial No. 98499296 for "OTSS" in Class 025, with specimen showing "Only The Strong Survive" use on clothing See Exhibit H.

21. **FEDERAL REGISTRATION ISSUED:** On August 19, 2025, Plaintiff received **Federal Trademark Registration Certificate No. 7896507** for "OTSS" in Class 025, confirming her superior rights with first use dating to May 31, 2019. See Exhibit W1.

    **21a.** On October 14, 2025, Plaintiff received **Federal Trademark Registration Certificate No. 7980574** for "ONLY THE STRONG SURVIVE FOUNDATION" in Class 036, confirming her superior rights with first use dating to November 1, 2018. See Exhibit W2.

**Defendants' Knowledge and Fraudulent Conduct**

22. RUSSELL had actual knowledge of Plaintiff's trademark and business operations as the father of Plaintiff's son and through direct observation of her business activities from 2019-2025.

23. RUSSELL publicly acknowledged Plaintiff's brand and business activities through social media posts and communications over multiple years. See Exhibit I.

24. **August 2022:** Despite actual knowledge of Plaintiff's superior rights, RUSSELL filed a fraudulent "intent-to-use" trademark application Serial No. 97549083 through OTSS, LLC as the nominal applicant, while RUSSELL as sole owner maintained actual control and direction of the application process, claiming ownership of Plaintiff's "OTSS - ONLY THE STRONG SURVIVE" mark. See Exhibit J.

25. Although Defendant's application for the mark *ONLY THE STRONG SURVIVE* in International Class 025 has received a Notice of Allowance, such status does not confer ownership or exclusive rights. A Notice of Allowance merely permits the applicant to file a Statement of Use, and no federal registration issues until the USPTO accepts proof of lawful use in commerce. See 15 U.S.C. § 1051(d).

26. On November 28, 2025, Defendant's filed a Statement of Use for Application Serial No. 97549083, claiming first use anywhere on June 14, 2023 and first use in commerce on July 4, 2024—both dates occurring four years AFTER Plaintiff's established priority use beginning July 3, 2019. This filing confirms Defendants' later use and inferior rights. (See Exhibit X)

27. Until that time, Plaintiff's established common law priority rights, dating back to at least July 3, 2019, remain fully enforceable. Moreover, even if Defendant were to obtain a registration, such registration would be subject to cancellation because Plaintiff's rights predate Defendant's 2022 filing. Accordingly, Defendant's Notice of Allowance does not bar Plaintiff's claims, nor does it create any presumption of ownership superior to Plaintiff's prior use.

28. **FRAUDULENT "INTENT TO USE" CLAIM:** RUSSELL's May 2022 email communications demonstrate he was already using Plaintiff's "OTSS" brand for marketing plans and merchandise orders three months before filing his fraudulent "intent-to-use" application in August 2022, proving his USPTO filing contained material false statements. See Exhibit R.

29. The fraudulent nature of RUSSELL's "intent to use" application is further demonstrated by his May 2022 email communications showing actual use of the OTSS mark for marketing plans and merchandise orders—three months BEFORE filing his August 2022 "intent to use" application. This constitutes material fraud on the USPTO. See Exhibit R.

30. **MARK EQUIVALENCY:** "OTSS" is a widely-recognized abbreviation for "ONLY THE STRONG SURVIVE," and RUSSELL's own USPTO application confirms this connection by claiming rights to "OTSS - ONLY THE STRONG SURVIVE," demonstrating his knowledge that both forms refer to Plaintiff's established trademark.

31. **Material False Statements:** The USPTO application filed by OTSS, LLC under RUSSELL's
control contained false statements including:

- False claims of "intent-to-use" when RUSSELL was already using the mark per his May 2022
emails
- False claims of ownership rights to "OTSS - ONLY THE STRONG SURVIVE"
- Failure to disclose knowledge of Plaintiff's prior use since 2019
- Use of inactive Mississippi trucking entity to obscure RUSSELL's true involvement

32. **Bad Faith Filing:** The use of OTSS, LLC (an inactive trucking company) as nominal applicant
demonstrates RUSSELL's intent to deceive the USPTO about the true nature and ownership of
the application while maintaining actual control as sole owner of the entity. See Exhibit K.

**Critical Evidence: Business Interference and Actual Confusion (June 2025)**

33. **June 2025:** RUSSELL's fraudulent trademark claims caused actual marketplace confusion when
he successfully interfered with Plaintiff's established business relationships.

34. **Documented Interference:** A business partner of Plaintiff received communications from
RUSSELL claiming ownership of the "OTSS - ONLY THE STRONG SURVIVE" mark,
causing them to question Plaintiff's rights.

35. **Partnership Director's Admission:** In written communications, the business partner's
representative stated: **"Russ asked me to take it down for now so we can rework it with the
new branding and items from your newer, existing shop."** See Exhibit O.

36. **Actual Marketplace Confusion:** This incident proves:

- RUSSELL actively uses his fraudulent application to interfere with Plaintiff's business
- Third parties are confused about trademark ownership due to Defendants' conduct
- Plaintiff suffers concrete business harm from Defendants' fraudulent claims
- The USPTO application is being used as a weapon to harm legitimate business

37. **Ongoing Damage:** As a result of RUSSELL's interference, Plaintiff lost access to established
business platforms and suffered disruption to six-year commercial relationships. See Exhibit P.

38. **FORMAL NOTICE OF INFRINGEMENT**: On July 9, 2024, Plaintiff sent a formal Cease
and Desist letter to RUSSELL, providing detailed notice of his trademark infringement and

demanding cessation of all unauthorized use of Plaintiff's mark. See Exhibit S. 39.

**CONTINUED WILLFUL INFRINGEMENT:** Despite receiving formal legal notice in July 2024, RUSSELL continued his infringing activities, filed his Statement of Use in November 2025, and persisted in interfering with Plaintiff's business relationships, demonstrating willful disregard for Plaintiff's superior trademark rights and supporting enhanced damages under 15 U.S.C. § 1117(a).

39. **CEASE AND DESIST TO MULTIPLE PARTIES:** On July 9, 2024, Plaintiff sent Cease and Desist letters to both RUSSELL and his girlfriend Ariel K. Tinsley-Regusters, who had publicly participated in RUSSELL's false ownership claims and misattribution of brand creation. See Exhibit S. Despite formal legal notice to both parties involved in the misconduct, the infringing conduct and false public statements continued, demonstrating deliberate and willful disregard for Plaintiff's rights.

## Defendants' Bad Faith and Widespread Consumer Confusion

40. **FALSE OWNERSHIP CLAIMS:** When confronted with the fraudulent trademark application, RUSSELL responded with threats and intimidating communications rather than acknowledging Plaintiff's superior rights. See Exhibit L.

41. **PUBLIC DECEPTION:** Defendants have published articles and social media posts claiming ownership and credit for creating the "OTSS - ONLY THE STRONG SURVIVE" mark without acknowledging Plaintiff as the true creator, causing actual consumer confusion about the source and origin of the mark. See Exhibit M.

42. **ADDITIONAL MARKETPLACE CONFUSION:** RUSSELL has actively promoted Plaintiff's business concepts and trademark to third-party investors, falsely representing himself as the owner and creator of the "OTSS - ONLY THE STRONG SURVIVE" brand. These false representations have caused confusion among potential business partners about the true ownership and origin of the trademark.

43. **FAMILY EXPLOITATION AND EMOTIONAL DISTRESS:** Since 2022, RUSSELL has exploited his parental relationship by pressuring Plaintiff's son (now 18) to promote RUSSELL's false claims to the "OTSS - ONLY THE STRONG SURVIVE" brand. This has created confusion among the son's fans and followers about the true ownership of the trademark, while causing emotional distress to both Plaintiff's son and Plaintiff herself.

44. **CONSUMER CONFUSION THROUGH FAMILY EXPLOITATION:** RUSSELL's manipulation of the family relationship has caused actual consumer confusion in the marketplace, as fans and followers of Plaintiff's son are misled about the true source and ownership of the "OTSS - ONLY THE STRONG SURVIVE" brand.

45. **WILLFUL BAD FAITH:** Defendants' conduct demonstrates willful infringement and bad faith, including RUSSELL's retaliatory actions, family exploitation, and continued false claims of ownership despite knowledge of Plaintiff's superior rights.

**45A. WILLFUL INFRINGEMENT WARRANTING ENHANCED DAMAGES:** Russell's conduct constitutes willful trademark infringement warranting enhanced damages under 15 U.S.C. § 1117(a), as demonstrated by:

- Receipt of Safe at Home letter in 2018/2019 showing knowledge of Plaintiff's protected status and deliberate choice to proceed with infringement despite awareness of serious safety concerns
- Actual knowledge of Plaintiff's brand use since 2019 through family relationship and direct observation of business operations
- Filing fraudulent "intent to use" application in August 2022 while already using the mark per May 2022 email communications (See Exhibit R)
- Active interference with Plaintiff's established business relationships beginning June 2025
- Unauthorized exploitation of family member's image on website to create false association and consumer confusion (See Exhibit U)
- False public claims of ownership and creation, including misattribution to third parties (See Exhibit M)
- Threats and intimidation when confronted with fraudulent application (See Exhibit L)

**RUSSELL's False Attribution to Third Parties**

46. **FALSE CREATOR CLAIMS:** In published articles and public statements, RUSSELL has falsely claimed that Ariel Tinsley-Regusters was the creator of the "OTSS - ONLY THE STRONG SURVIVE" brand, deliberately misattributing Plaintiff's creative work to a third party. See Exhibit M.

47. **PUBLIC EMBARRASSMENT AND CONFUSION:** RUSSELL's false attribution of Plaintiff's brand creation to Ariel Tinsley has been published in public media outlets, causing embarrassment to Plaintiff and additional marketplace confusion about the true origin and ownership of the trademark.

48. **INCONSISTENT FALSE NARRATIVES:** RUSSELL's attribution of brand creation to multiple different people (himself, Ariel Tinsley-Regusters) while denying Plaintiff's true creatorship demonstrates his systematic pattern of deception and bad faith intent to obscure the true ownership of Plaintiff's trademark.

49. **AMPLIFIED CONSUMER CONFUSION:** By publicly crediting different individuals as the "creator" of Plaintiff's established brand, RUSSELL has intentionally amplified consumer confusion in the marketplace about the source and origin of the "OTSS - ONLY THE STRONG SURVIVE" trademark.

**MerchLabs Improper Contract Termination and Conspiracy (July 2025)**

50. **SIX-YEAR PARTNERSHIP:** Plaintiff maintained a continuous business partnership with MERCH LABS from June 13, 2019 through July 2025 under their Online Merchandise Agreement. See Exhibit N.

51. **SECRET AGREEMENTS WITH OTHER TRADEMARK OWNERS:** RUSSELL has entered into licensing agreements with other registered trademark owners, demonstrating his full understanding of legitimate trademark rights, proper licensing procedures, and the necessity of owner consent, while simultaneously pursuing fraudulent claims against Plaintiff's superior rights without authorization.

52. **FORMAL DEMAND NOTICE:** On July 15, 2025, Plaintiff sent formal demand to MERCH LABS requesting restoration of her website and business platform, giving them 10 business days to respond. See Exhibit Q.

53. **ADMISSION OF RUSSELL'S INTERFERENCE:** MERCH LABS, through Tom Gallenkamp, admitted in writing that "Russ asked me to take it down," confirming RUSSELL directed the termination without authorization from Plaintiff.

54. **IMPROPER TERMINATION:** Rather than comply with Plaintiff's demand, MERCH LABS terminated the six-year partnership agreement, citing immediate cancellation without following proper contract procedures. See Exhibit T.

55. **PRETEXTUAL REASONS:** MERCH LABS provided false justifications for termination while concealing the true motive: compliance with RUSSELL's unauthorized interference demands.

56. **CONSPIRACY:** MERCH LABS acted in concert with RUSSELL to harm Plaintiff's business by accepting his false ownership claims and terminating her established partnership without contractual basis.

**Russell's Website Exploitation and Family Manipulation**

57. **UNAUTHORIZED USE OF SON'S IMAGE:** In 2024-2025, RUSSELL created and operated a website prominently featuring Plaintiff's son's image alongside the "OTSS" mark, falsely creating the impression of family endorsement and business association. See Exhibit U.

58. **CALCULATED FAMILY EXPLOITATION:** RUSSELL strategically uses Plaintiff's son's image and popularity to lend credibility to his false ownership claims, knowing that consumers familiar with the son would associate the "OTSS" mark with the family's legitimate business activities.

59. **CONSUMER CONFUSION THROUGH FAMILY CONNECTION:** By displaying Plaintiff's son's image with the "OTSS" mark on his website, RUSSELL intentionally creates marketplace confusion about the true source and ownership of the trademark, exploiting the natural assumption that family members would be associated with the same business enterprise.

60. **WEBSITE AS EVIDENCE OF BAD FAITH:** The unauthorized use of Plaintiff's son's image demonstrates RUSSELL's willful and calculated approach to trademark infringement, similar to

the bad faith conduct found actionable in The Pennsylvania State University v. Vintage Brand LLC, M.D. Pa., No. 21-1901 (Nov. 19, 2024), where defendant's intentional association with plaintiff's marks constituted willful infringement.

61. Defendants' identical use of Plaintiff's mark creates overwhelming likelihood of confusion under established Ninth Circuit analysis in AMF Inc. v. Sleekcraft Boats, 599 F.2d 341 (9th Cir. 1979):

62. **(1) Strength of Mark:** Plaintiff's mark has acquired distinctiveness through 6+ years continuous use, substantial business investment, and consumer recognition. See Exhibit E and Exhibit F.

63. **(2) Proximity of Goods:** Identical - both parties use the mark for clothing and lifestyle products in Class 025.

64. **(3) Similarity of Marks:** The marks are identical, creating presumption of confusion under Brookfield Communications, Inc. v. West Coast Entertainment Corp., 174 F.3d 1036, 1053 (9th Cir. 1999) ("When marks are identical and used on identical goods, likelihood of confusion is presumed").

65. **(4) Actual Confusion:** The June 2025 business interference demonstrates actual confusion in the marketplace. See Exhibit O. Actual confusion is "the best evidence of likelihood of confusion." Levi Strauss & Co. v. Blue Bell, Inc., 778 F.2d 1352, 1358 (9th Cir. 1985). Additional confusion is evidenced by RUSSELL's website use of Plaintiff's son's image with the OTSS mark. See Exhibit U.

66. **(5) Marketing Channels:** Both parties operate through identical channels - online sales, social media, and lifestyle branding.

67. **(6) Purchaser Care:** Clothing purchases typically involve low consumer care, increasing confusion likelihood.

68. **(7) Defendant's Intent:** RUSSELL's actual knowledge, fraudulent application, and exploitation of family relationships through unauthorized use of Plaintiff's son's image demonstrate clear intent to trade on Plaintiff's goodwill. See Exhibit I and Exhibit U. Bad faith intent is strong evidence of likely confusion.

69. **(8) Expansion Likelihood:** Both parties operate in overlapping markets with identical target demographics.

70. **PRIORITY USE DOCTRINE:** Under established trademark law, the party who first uses a mark in commerce owns it, regardless of the amount of sales or commercial success. This fundamental principle has been consistently upheld:

- Blue Bell, Inc. v. Farah Mfg. Co., 508 F.2d 1260, 1275 (5th Cir. 1975) ("The first to use a mark in commerce owns it")

- The Pennsylvania State University v. Vintage Brand LLC, M.D. Pa., No. 21-1901 (Nov. 19, 2024) (jury found willful trademark infringement where defendant used marks creating association with plaintiff, demonstrating that first users retain superior rights even against later commercial users)

- In the US, trademark rights are acquired through use of a mark in commerce, not registration, and "a company gains a degree of trademark protection simply by being the first to use a mark in commerce." Common Law Trademark Rights and Priority of Use, Griffith Barbee (2025)

71. **IDENTICAL MARKS CREATE PRESUMPTION:** "When the marks are identical and the goods or services are closely related; likelihood of confusion is presumed." This principle is reinforced by recent case law, including The Pennsylvania State University v. Vintage Brand LLC, M.D. Pa., No. 21-1901 (Nov. 19, 2024), where a jury found willful trademark infringement based on association and consumer confusion.

## COUNT I - TRADEMARK INFRINGEMENT UNDER THE LANHAM ACT (15 U.S.C. § 1125(a))

72. Plaintiff incorporates all preceding paragraphs.

73. **SUPERIOR COMMON LAW RIGHTS:** Under the Lanham Act, Plaintiff owns superior unregistered trademark rights in "OTSS - ONLY THE STRONG SURVIVE" based on:

- First commercial use in interstate commerce July 3, 2019 (See Exhibit C)
- Continuous commercial use for 6+ years (2019-2025)
- Substantial investment and market penetration (See Exhibit N)
- Consumer recognition and brand distinctiveness (See Exhibit E)

- Priority over Defendants' 2022 application

74. **LANHAM ACT PROTECTION:** Section 1125(a) protects Plaintiff's common law trademark rights against infringement by later users, regardless of federal registration status. Two Pesos, Inc. v. Taco Cabana, Inc., 505 U.S. 763, 768 (1992) ("[C]ommon law trademark rights may be created through use of an inherently distinctive mark").

75. **DEFENDANTS' INFRINGEMENT:** Defendants' use and claimed ownership of identical "OTSS - ONLY THE STRONG SURVIVE" mark in connection with identical goods constitutes trademark infringement under 15 U.S.C. § 1125(a).

76. **WILLFUL CONDUCT:** Defendants' infringement is willful and deliberate given RUSSELL's actual knowledge of Plaintiff's superior rights since 2019 and his fraudulent USPTO filing. See Exhibit I and Exhibit J.

77. **LIKELIHOOD OF CONFUSION:** Defendants' identical mark use creates substantial likelihood of confusion, supported by all Sleekcraft factors and proven by actual marketplace confusion. See Exhibit O.

78. **DAMAGES:** As direct result of infringement, Plaintiff has suffered irreparable harm including:

- Loss of business relationships and six-year manufacturing partnership
- Damage to reputation and brand confusion
- Loss of exclusive use of her trademark
- Loss of business opportunities with investors and educational institutions due to marketplace confusion
- Website platform destruction and customer access disruption
- Emotional distress from family exploitation and forced promotion of false ownership claims
- Consumer confusion among son's fanbase due to RUSSELL's manipulation and unauthorized use of son's image on his website
- Documented financial losses as detailed in expense worksheet See Exhibit P and Exhibit V.

**WHEREFORE, Plaintiff seeks permanent injunctive relief, actual damages, defendants' profits, enhanced damages for willful infringement, and attorney fees under 15 U.S.C. § 1117.**

**COUNT II - UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN (15 U.S.C. §
1125(a))**

79. Plaintiff incorporates all preceding paragraphs.

80. **LANHAM ACT SECTION 1125(a)** prohibits false designation of origin and unfair competition
in activities affecting interstate commerce.

81. **FALSE DESIGNATION OF ORIGIN:** Defendants' use of Plaintiff's "OTSS - ONLY THE
STRONG SURVIVE" mark falsely designates the origin, sponsorship, or approval of their goods
and services.

82. **LIKELIHOOD OF CONFUSION:** Defendants' conduct is likely to cause confusion, mistake,
or deception as to:

- Origin and source of goods bearing the mark

- Sponsorship or approval of defendants' activities

- Affiliation or connection with Plaintiff's established brand

83. **ACTUAL CONFUSION PROVEN:** The June 2025 business interference demonstrates actual
marketplace confusion caused by Defendants' identical mark use and false ownership claims.

84. **INTERSTATE COMMERCE:** Both parties' activities substantially affect interstate commerce
through online sales, multi-state distribution, and national customer base.

85. **UNFAIR COMPETITION:** Defendants' conduct constitutes unfair competition by trading on
Plaintiff's established goodwill and business reputation.

**WHEREFORE, Plaintiff seeks injunctive relief, damages, and restitution of defendants' profits
under the Lanham Act.**

**COUNT III - FRAUD ON THE USPTO**

86. Plaintiff incorporates all preceding paragraphs.

87. **FRAUDULENT APPLICATION:** RUSSELL as sole owner of OTSS, LLC, committed fraud
on the USPTO by directing the filing of trademark application Serial No. 97549083 containing
material misrepresentations of fact, using the LLC as a nominal applicant while maintaining
actual control of the application process. The fraud standard requires: "(1) false representation to

the USPTO; (2) the false representation is material; (3) knowledge of the falsity; and (4) intent to deceive the USPTO." Great Concepts Management Group v. Chutter, Inc., Fed. Cir. 2023.

88. **FALSE STATEMENTS OF FACT:** The application falsely claimed:

- Ownership rights in "OTSS - ONLY THE STRONG SURVIVE" mark
- Bona fide intention to use the mark in commerce
- First use or intent to use, when RUSSELL knew of Plaintiff's prior use since 2019

89. **KNOWLEDGE OF FALSITY:** RUSSELL made these statements with actual knowledge of their falsity, having observed Plaintiff's continuous use since 2019.

90. **INTENT TO DECEIVE:** The false statements were made with intent to deceive the USPTO and obtain registration to which RUSSELL was not entitled.

91. **USE OF SHELL ENTITY:** Filing through inactive OTSS, LLC demonstrates additional intent to deceive about true nature of application.

92. **MATERIALITY:** The false statements were material to USPTO's examination and would have prevented application if disclosed.

**WHEREFORE, Plaintiff seeks withdrawal of fraudulent Application Serial No. 97549083 and any resulting registration.**

**COUNT IV - TORTIOUS INTERFERENCE WITH BUSINESS RELATIONSHIPS**

93. Plaintiff incorporates all preceding paragraphs.

94. **ELEMENTS OF TORTIOUS INTERFERENCE:** To establish tortious interference with business relationships, Plaintiff must prove: (1) valid business relationship; (2) defendant's knowledge of the relationship; (3) intentional interference; (4) damages. Korea Supply Co. v. Lockheed Martin Corp., 29 Cal. 4th 1134, 1153 (2003).

95. **VALID BUSINESS RELATIONSHIPS:** Plaintiff maintained established six-year business relationships with manufacturing and distribution partners since 2019. See Exhibit N.

96. **DEFENDANTS' KNOWLEDGE:** RUSSELL knew of these relationships through family connections and observation of Plaintiff's business operations over multiple years. See Exhibit I.

97. **INTENTIONAL INTERFERENCE:** RUSSELL intentionally interfered with Plaintiff's
business relationships by:

- Making false ownership claims to business partners (See Exhibit O)
- Using fraudulent USPTO application to create confusion
- Directly contacting partners claiming superior rights

98. **IMPROPER MEANS:** The interference was accomplished through fraud, false statements, and
misuse of legal process (fraudulent USPTO application). Della Penna v. Toyota Motor Sales,
U.S.A., Inc., 11 Cal. 4th 376, 393 (1995) (interference actionable when accomplished through
wrongful means).

99. **CAUSATION AND DAMAGES:** RUSSELL's interference directly caused:

- Disruption of Plaintiff's business relationships and loss of commercial opportunities
- Loss of six-year manufacturing partnership and website platform
- Confusion among investors and educational institutions about trademark ownership
- Lost business opportunities with potential institutional partners

100.  **BUSINESS PARTNER ADMISSION:** Written evidence confirms RUSSELL's direct
interference: "Russ asked me to take it down."

**WHEREFORE, Plaintiff seeks compensatory damages, punitive damages, and injunctive relief.**

**COUNT V - CALIFORNIA UNFAIR COMPETITION (Cal. Bus. & Prof. Code § 17200)**

101.  Plaintiff incorporates all preceding paragraphs.

102.  **UNLAWFUL CONDUCT:** Defendants' actions violate federal trademark law (Lanham
Act), constituting "unlawful" business practices under California law.

103.  **UNFAIR CONDUCT:** Defendants' interference with established business relationships
and fraudulent trademark filing constitutes "unfair" business practices.

104.  **FRAUDULENT CONDUCT:** Material misrepresentations to USPTO and business
partners constitute "fraudulent" business practices.

105.  **INJURY AND DAMAGES:** Plaintiff has suffered injury in fact and lost money as result
of Defendants' unfair competition.

**WHEREFORE, Plaintiff seeks restitution, injunctive relief, and attorney fees.**

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests judgment against Defendants as follows:

**A. DECLARATORY RELIEF:**

- Declare Plaintiff is the rightful owner of "OTSS - ONLY THE STRONG SURVIVE" trademark with superior rights under the Lanham Act dating to July 3, 2019, in International Class 025 for clothing, namely t-shirts, joggers, shorts, athletic wear, and related apparel

**B. INJUNCTIVE RELIEF:**

- Permanent injunction prohibiting Defendants from using, registering, claiming rights in, or interfering with Plaintiff's "OTSS - ONLY THE STRONG SURVIVE" trademark
- Injunction requiring cessation of all business interference activities
- Order prohibiting Defendants from contacting or communicating with any of Plaintiff's business partners, affiliates, or associates regarding the "OTSS - ONLY THE STRONG SURVIVE" mark or related business matters

**C. WITHDRAWAL:**

- Order withdrawal of Defendants' fraudulent USPTO Application Serial No. 97549083

**D. ACCOUNTING AND RECORD PRODUCTION:**

- Order Defendants to provide complete accounting of all profits, revenues, and benefits derived from any use of Plaintiff's "OTSS - ONLY THE STRONG SURVIVE" mark
- Order Defendants to produce all financial records, business documents, and communications related to the fraudulent trademark application and any use of the mark

**E. MONETARY DAMAGES:**

- Plaintiff's actual damages and lost profits
- Defendants' profits from any use of the mark
- Enhanced damages for willful infringement pursuant to 15 U.S.C. § 1117
- Punitive damages for tortious interference

**F. ATTORNEY FEES AND COSTS:**

- Reasonable attorney fees pursuant to 15 U.S.C. § 1117 for exceptional case involving willful infringement

**G. PRE- AND POST-JUDGMENT INTEREST**

**H. OTHER RELIEF:** Such other relief as this Court deems just and proper, including preservation of Plaintiff's right to pursue additional proceedings to address any third-party reliance on Defendants' unauthorized representations regarding Plaintiff's trademark rights

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands trial by jury on all issues so triable.

Respectfully submitted,

**JANE DOE**

P.O Box 1679 #4062

Sacramento, CA 95812

(805) 303-3768

Email: paralegalhelpinca@gmail.com

Plaintiff in Pro Se

---

**EXHIBIT INDEX**

**Exhibit A** - Documented Expenses and Financial Impact Worksheet

**Exhibit B** - Shopify Store Setup Documentation (June 18, 2019)

**Exhibit C** - Merch Labs Sales Records and Partnership Agreement (July 2019 - May 2021)

**Exhibit D** - Wix Domain Registration Documentation (December 2019)

**Exhibit E** - Social Media Analytics (@otssfoundation, @otss.thebrand, Facebook pages)

**Exhibit F** - Community Events and Marketing Materials (June 2020 - June 2025)

**Exhibit G** - Professional Boxing Match Documentation (April 26, 2025)

**Exhibit H** - Plaintiff's USPTO Trademark Applications

**Exhibit I** - Defendant's Social Media Acknowledgment Posts

**Exhibit J** - Defendants' Fraudulent USPTO Application (August 2022)

**Exhibit K** - OTSS, LLC Formation Documents and Mississippi Secretary of State Records

**Exhibit L** - Defendant Russell D. Redeaux's Threatening Text Messages

**Exhibit M** - Defendants' False Ownership Claims and Articles

**Exhibit N** - MerchLabs Partnership Agreement (June 13, 2019)

**Exhibit O** - Business Partner Communications Showing Interference (June 2025)

**Exhibit P** - Documentation of Lost Business Platform and Relationship Disruption

**Exhibit Q** - Formal Demand Notice to MerchLabs (July 15, 2025)

**Exhibit R** - Russell's May 2022 Email Chain Demonstrating Prior Use Before USPTO Filing

**Exhibit S**- Plaintiff's Cease and Desist Letter to Defendant Russell and Girlfriend Ariel K. Tinsley-
Reguster (July 9, 2024)

**Exhibit T** - MerchLabs Improper Termination Notice (July 2025)

**Exhibit U** - Russell's Website Screenshots Showing Unauthorized Use of Son's Image with OTSS Mark

**Exhibit V** – Side-by-Side Comparison of Plaintiff's and RUSSELL's Identical Logos and Website
Catalogs

**Exhibit W1**- Federal Trademark Registration Certificate No. 7,896,507 for OTSS in Class 025 (Issued
August 13, 2025)

**Exhibit W2** - Federal Trademark Registration Certificate No. 7,980,574 for ONLY THE STRONG
SURVIVE FOUNDATION in Class 036 (Issued October 14, 2025)

**Exhibit X**- Defendant's Statement of Use for Application Serial No. 97549083 (Filed November 28,
2025) showing claimed first use June 14, 2023 and first use in commerce July 4, 2024

Dated November 30, 2025

  Respectfully submitted,

  **JANE DOE**

    P.O Box 1679 #4062

Sacramento, CA 95812

(805) 303-3768

Email: jdoeholdings2026@gmail.com

**Plaintiff in Pro Se**

**VERIFICATION**

I, Jane Doe, declare under penalty of perjury under the laws of the United States and the State of California that I have

read the foregoing Complaint and that the facts stated therein are true and correct to the best of my knowledge, information,

and belief.

Executed this 30 day of November 2025, in Los Angeles, California.

**JANE DOE** *Plaintiff in Pro Se*

1   JANE DOE
    P.O Box 1679 #4062
2   Sacramento, CA 95812
    (805) 303-3768
3   Email: jdoeholdings2026@gmail.com
    Safe at Home Participant
4
    PLAINTIFF in *Pro Se*
5

6

7                           UNITED STATES DISTRICT COURT

8                          CENTRAL DISTRICT OF CALIFORNIA

9

10  JANE DOE, an individual                )   Case No.:
                                           )
11              Plaintiff,                  )
                                           )
12      v.                                 )   COMPLAINT FOR TRADEMARK
                                           )   INFRINGEMENT, FRAUD ON USPTO,
13  RUSSELL D. REDEAUX, an individual; OTSS,)   UNFAIR COMPETITION, AND TORTIOUS
                                           )   INTERFERENCE
14  LLC, a limited liability company and DOES 1 )
                                           )   **DEMAND FOR JURY TRIAL**
15  through 10                             )
                                           )
16              Defendant                  )
                                           )
17  _____    )

18          TO THE HONORABLE COURT:

19          **COMPLAINT FOR:**

20      1.  **TRADEMARK INFRINGEMENT UNDER THE LANHAM ACT (15 U.S.C. § 1125(a))**

21      2.  **UNFAIR COMPETITION UNDER THE LANHAM ACT (15 U.S.C. § 1125(a))**

22      3.  **FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a))**

23      4.  **FRAUD ON USPTO**

24      5.  **TORTIOUS INTERFERENCE WITH BUSINESS RELATIONSHIPS**

25      6.  **CALIFORNIA UNFAIR COMPETITION (Cal. Bus. & Prof. Code § 17200)**

26  **NATURE OF THE ACTION**

27      1.  This action arises from Defendants' systematic campaign to steal, misappropriate, and interfere

28          with Plaintiff's established "OTSS - ONLY THE STRONG SURVIVE" trademark and business

                                    Complaint 1

relationships in violation of the Lanham Act, 15 U.S.C. § 1125(a), which protects unregistered trademarks based on priority of use in interstate commerce.

2. **LANHAM ACT SUPERIOR RIGHTS:** Plaintiff owns superior common law trademark rights under the Lanham Act through first commercial use in 2019 and continuous use thereafter, entitling her to federal protection against infringement regardless of registration status.

3. **NEW CRITICAL EVIDENCE:** In June 2025, Defendant RUSSELL D. REDEAUX successfully interfered with Plaintiff's six-year business partnerships by making false ownership claims, causing actual marketplace confusion and demonstrating his fraudulent USPTO application has concrete harmful effects.

4. This interference proves Defendants' fraudulent conduct has moved beyond theoretical harm to actual business damage, establishing clear grounds for federal trademark protection under the Lanham Act.

**PARTIES**

5. Plaintiff JANE DOE is an individual residing in California and the true owner and operator of the "OTSS - ONLY THE STRONG SURVIVE" trademark since 2019.

6. Defendant RUSSELL D. REDEAUX (hereinafter referred to as "RUSSELL") is an individual residing in Thousand Oaks, California, who fraudulently filed a trademark application for "OTSS - ONLY THE STRONG SURVIVE" despite actual knowledge of Plaintiff's prior use and superior rights.

7. Defendant OTSS, LLC (hereinafter referred to as "OTSS, LLC") is a Mississippi limited liability company controlled by RUSSELL as the sole owner and member, originally formed as a trucking company but used to file the fraudulent trademark application for "OTSS - ONLY THE STRONG SURVIVE" as the nominal applicant while RUSSELL maintained actual control and direction of the application process.

8. DOES 1 through 10 are persons or entities whose true names are unknown to Plaintiff but who have participated in the wrongful conduct alleged herein.

**JURISDICTION AND VENUE**

9. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) as this action arises under the Lanham Act and federal trademark law.

10. This Court has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.

11. Personal jurisdiction exists over Defendants as RUSSELL resides in California and conducted the wrongful acts within this district.

12. Venue is proper pursuant to 28 U.S.C. §§ 1391(b) and (c).

**FACTUAL ALLEGATIONS**

**Plaintiff's Priority Use and Superior Lanham Act Rights (2018-2025)**

13. **2018:** Plaintiff incorporated "Only The Strong Survive Foundation" in California, establishing foundation for trademark development. See Exhibit A.

14. **June 18, 2019:** Plaintiff established commercial operations and began interstate commerce activities. See Exhibit B.

15. **July 3, 2019: PRIORITY DATE** - Plaintiff made first commercial sale of "OTSS - ONLY THE STRONG SURVIVE" branded merchandise in interstate commerce, establishing superior common law rights under the Lanham Act. See Exhibit C.

16. **SUBSTANTIAL PERSONAL INVESTMENT:** From 2019-2025, Plaintiff made substantial personal investment in developing and promoting the "OTSS - ONLY THE STRONG SURVIVE" brand, including significant financial resources for business development, marketing, and trademark protection efforts.

17. **2019-2025 CONTINUOUS USE:** Plaintiff maintained continuous commercial use in interstate commerce through:

- Six-year manufacturing partnerships for nationwide distribution
- Professional website operations serving customers across multiple states
- 12,000-15,000 social media followers across multiple platforms (See Exhibit E)
- Community engagement and celebrity endorsements (See Exhibit F)
- Interstate expansion to Nevada in 2022

- Documented sales and business activities throughout California and beyond

18. **ADDITIONAL COMMERCIAL ACTIVITIES:** Plaintiff's documented e-commerce sales represent only a portion of her total commercial activities, as additional sales were conducted through direct cash transactions that are not reflected in online sales records.

19. **LANHAM ACT DISTINCTIVENESS:** Through continuous use since 2019, Plaintiff's "OTSS - ONLY THE STRONG SURVIVE" mark has acquired distinctiveness and consumer recognition in the clothing and lifestyle brand marketplace.

20. **PLAINTIFF'S USPTO APPLICATIONS:** To protect her established rights, Plaintiff filed trademark applications with the USPTO:

- Application Serial No. 98577766 for "Only The Strong Survive Foundation" in Class 036
- Application Serial No. 98499296 for "OTSS" in Class 025, with specimen showing "Only The Strong Survive" use on clothing See Exhibit H.

21. **FEDERAL REGISTRATION ISSUED:** On August 19, 2025, Plaintiff received **Federal Trademark Registration Certificate No. 7896507** for "OTSS" in Class 025, confirming her superior rights with first use dating to May 31, 2019. See Exhibit W1.

21a. On October 14, 2025, Plaintiff received **Federal Trademark Registration Certificate No. 7980574** for "ONLY THE STRONG SURVIVE FOUNDATION" in Class 036, confirming her superior rights with first use dating to November 1, 2018. See Exhibit W2.

**Defendants' Knowledge and Fraudulent Conduct**

22. RUSSELL had actual knowledge of Plaintiff's trademark and business operations as the father of Plaintiff's son and through direct observation of her business activities from 2019-2025.

23. RUSSELL publicly acknowledged Plaintiff's brand and business activities through social media posts and communications over multiple years. See Exhibit I.

24. **August 2022:** Despite actual knowledge of Plaintiff's superior rights, RUSSELL filed a fraudulent "intent-to-use" trademark application Serial No. 97549083 through OTSS, LLC as the nominal applicant, while RUSSELL as sole owner maintained actual control and direction of the application process, claiming ownership of Plaintiff's "OTSS - ONLY THE STRONG SURVIVE" mark. See Exhibit J.

25. Although Defendant's application for the mark *ONLY THE STRONG SURVIVE* in
International Class 025 has received a Notice of Allowance, such status does not confer
ownership or exclusive rights. A Notice of Allowance merely permits the applicant to file a
Statement of Use, and no federal registration issues until the USPTO accepts proof of lawful
use in commerce. See 15 U.S.C. § 1051(d).

26. On November 28, 2025, Defendant's filed a Statement of Use for Application Serial No.
97549083, claiming first use anywhere on June 14, 2023 and first use in commerce on July 4,
2024—both dates occurring four years AFTER Plaintiff's established priority use beginning
July 3, 2019. This filing confirms Defendants' later use and inferior rights. (See Exhibit X)

27. Until that time, Plaintiff's established common law priority rights, dating back to at least July
3, 2019, remain fully enforceable. Moreover, even if Defendant were to obtain a registration,
such registration would be subject to cancellation because Plaintiff's rights predate
Defendant's 2022 filing. Accordingly, Defendant's Notice of Allowance does not bar
Plaintiff's claims, nor does it create any presumption of ownership superior to Plaintiff's prior
use.

28. **FRAUDULENT "INTENT TO USE" CLAIM:** RUSSELL's May 2022 email
communications demonstrate he was already using Plaintiff's "OTSS" brand for marketing
plans and merchandise orders three months before filing his fraudulent "intent-to-use"
application in August 2022, proving his USPTO filing contained material false statements. See
Exhibit R.

29. The fraudulent nature of RUSSELL's "intent to use" application is further demonstrated by his
May 2022 email communications showing actual use of the OTSS mark for marketing plans
and merchandise orders—three months BEFORE filing his August 2022 "intent to use"
application. This constitutes material fraud on the USPTO. See Exhibit R.

30. **MARK EQUIVALENCY:** "OTSS" is a widely-recognized abbreviation for "ONLY THE
STRONG SURVIVE," and RUSSELL's own USPTO application confirms this connection by
claiming rights to "OTSS - ONLY THE STRONG SURVIVE," demonstrating his knowledge
that both forms refer to Plaintiff's established trademark.

31. **Material False Statements:** The USPTO application filed by OTSS, LLC under RUSSELL's control contained false statements including:

- False claims of "intent-to-use" when RUSSELL was already using the mark per his May 2022 emails
- False claims of ownership rights to "OTSS - ONLY THE STRONG SURVIVE"
- Failure to disclose knowledge of Plaintiff's prior use since 2019
- Use of inactive Mississippi trucking entity to obscure RUSSELL's true involvement

32. **Bad Faith Filing:** The use of OTSS, LLC (an inactive trucking company) as nominal applicant demonstrates RUSSELL's intent to deceive the USPTO about the true nature and ownership of the application while maintaining actual control as sole owner of the entity. See Exhibit K.

**Critical Evidence: Business Interference and Actual Confusion (June 2025)**

33. **June 2025:** RUSSELL's fraudulent trademark claims caused actual marketplace confusion when he successfully interfered with Plaintiff's established business relationships.

34. **Documented Interference:** A business partner of Plaintiff received communications from RUSSELL claiming ownership of the "OTSS - ONLY THE STRONG SURVIVE" mark, causing them to question Plaintiff's rights.

35. **Partnership Director's Admission:** In written communications, the business partner's representative stated: **"Russ asked me to take it down for now so we can rework it with the new branding and items from your newer, existing shop."** See Exhibit O.

36. **Actual Marketplace Confusion:** This incident proves:

- RUSSELL actively uses his fraudulent application to interfere with Plaintiff's business
- Third parties are confused about trademark ownership due to Defendants' conduct
- Plaintiff suffers concrete business harm from Defendants' fraudulent claims
- The USPTO application is being used as a weapon to harm legitimate business

37. **Ongoing Damage:** As a result of RUSSELL's interference, Plaintiff lost access to established business platforms and suffered disruption to six-year commercial relationships. See Exhibit P.

38. **FORMAL NOTICE OF INFRINGEMENT**: On July 9, 2024, Plaintiff sent a formal Cease and Desist letter to RUSSELL, providing detailed notice of his trademark infringement and

demanding cessation of all unauthorized use of Plaintiff's mark. See Exhibit S. 39.

**CONTINUED WILLFUL INFRINGEMENT:** Despite receiving formal legal notice in July 2024, RUSSELL continued his infringing activities, filed his Statement of Use in November 2025, and persisted in interfering with Plaintiff's business relationships, demonstrating willful disregard for Plaintiff's superior trademark rights and supporting enhanced damages under 15 U.S.C. § 1117(a).

39. **CEASE AND DESIST TO MULTIPLE PARTIES:** On July 9, 2024, Plaintiff sent Cease and Desist letters to both RUSSELL and his girlfriend Ariel K. Tinsley-Regusters, who had publicly participated in RUSSELL's false ownership claims and misattribution of brand creation. See Exhibit S. Despite formal legal notice to both parties involved in the misconduct, the infringing conduct and false public statements continued, demonstrating deliberate and willful disregard for Plaintiff's rights.

**Defendants' Bad Faith and Widespread Consumer Confusion**

40. **FALSE OWNERSHIP CLAIMS:** When confronted with the fraudulent trademark application, RUSSELL responded with threats and intimidating communications rather than acknowledging Plaintiff's superior rights. See Exhibit L.

41. **PUBLIC DECEPTION:** Defendants have published articles and social media posts claiming ownership and credit for creating the "OTSS - ONLY THE STRONG SURVIVE" mark without acknowledging Plaintiff as the true creator, causing actual consumer confusion about the source and origin of the mark. See Exhibit M.

42. **ADDITIONAL MARKETPLACE CONFUSION:** RUSSELL has actively promoted Plaintiff's business concepts and trademark to third-party investors, falsely representing himself as the owner and creator of the "OTSS - ONLY THE STRONG SURVIVE" brand. These false representations have caused confusion among potential business partners about the true ownership and origin of the trademark.

43. **FAMILY EXPLOITATION AND EMOTIONAL DISTRESS:** Since 2022, RUSSELL has exploited his parental relationship by pressuring Plaintiff's son (now 18) to promote RUSSELL's false claims to the "OTSS - ONLY THE STRONG SURVIVE" brand. This has created confusion among the son's fans and followers about the true ownership of the trademark, while causing emotional distress to both Plaintiff's son and Plaintiff herself.

44. **CONSUMER CONFUSION THROUGH FAMILY EXPLOITATION:** RUSSELL's manipulation of the family relationship has caused actual consumer confusion in the marketplace, as fans and followers of Plaintiff's son are misled about the true source and ownership of the "OTSS - ONLY THE STRONG SURVIVE" brand.

45. **WILLFUL BAD FAITH:** Defendants' conduct demonstrates willful infringement and bad faith, including RUSSELL's retaliatory actions, family exploitation, and continued false claims of ownership despite knowledge of Plaintiff's superior rights.

**45A. WILLFUL INFRINGEMENT WARRANTING ENHANCED DAMAGES:** Russell's conduct constitutes willful trademark infringement warranting enhanced damages under 15 U.S.C. § 1117(a), as demonstrated by:

- Receipt of Safe at Home letter in 2018/2019 showing knowledge of Plaintiff's protected status and deliberate choice to proceed with infringement despite awareness of serious safety concerns

- Actual knowledge of Plaintiff's brand use since 2019 through family relationship and direct observation of business operations

- Filing fraudulent "intent to use" application in August 2022 while already using the mark per May 2022 email communications (See Exhibit R)

- Active interference with Plaintiff's established business relationships beginning June 2025

- Unauthorized exploitation of family member's image on website to create false association and consumer confusion (See Exhibit U)

- False public claims of ownership and creation, including misattribution to third parties (See Exhibit M)

- Threats and intimidation when confronted with fraudulent application (See Exhibit L)

**RUSSELL's False Attribution to Third Parties**

46. **FALSE CREATOR CLAIMS:** In published articles and public statements, RUSSELL has falsely claimed that Ariel Tinsley-Regusters was the creator of the "OTSS - ONLY THE STRONG SURVIVE" brand, deliberately misattributing Plaintiff's creative work to a third party. See Exhibit M.

47. **PUBLIC EMBARRASSMENT AND CONFUSION:** RUSSELL's false attribution of Plaintiff's brand creation to Ariel Tinsley has been published in public media outlets, causing embarrassment to Plaintiff and additional marketplace confusion about the true origin and ownership of the trademark.

48. **INCONSISTENT FALSE NARRATIVES:** RUSSELL's attribution of brand creation to multiple different people (himself, Ariel Tinsley-Regusters) while denying Plaintiff's true creatorship demonstrates his systematic pattern of deception and bad faith intent to obscure the true ownership of Plaintiff's trademark.

49. **AMPLIFIED CONSUMER CONFUSION:** By publicly crediting different individuals as the "creator" of Plaintiff's established brand, RUSSELL has intentionally amplified consumer confusion in the marketplace about the source and origin of the "OTSS - ONLY THE STRONG SURVIVE" trademark.

**MerchLabs Improper Contract Termination and Conspiracy (July 2025)**

50. **SIX-YEAR PARTNERSHIP:** Plaintiff maintained a continuous business partnership with MERCH LABS from June 13, 2019 through July 2025 under their Online Merchandise Agreement. See Exhibit N.

51. **SECRET AGREEMENTS WITH OTHER TRADEMARK OWNERS:** RUSSELL has entered into licensing agreements with other registered trademark owners, demonstrating his full understanding of legitimate trademark rights, proper licensing procedures, and the necessity of owner consent, while simultaneously pursuing fraudulent claims against Plaintiff's superior rights without authorization.

52. **FORMAL DEMAND NOTICE:** On July 15, 2025, Plaintiff sent formal demand to MERCH LABS requesting restoration of her website and business platform, giving them 10 business days to respond. See Exhibit Q.

53. **ADMISSION OF RUSSELL'S INTERFERENCE:** MERCH LABS, through Tom Gallenkamp, admitted in writing that "Russ asked me to take it down," confirming RUSSELL directed the termination without authorization from Plaintiff.

54. **IMPROPER TERMINATION:** Rather than comply with Plaintiff's demand, MERCH LABS terminated the six-year partnership agreement, citing immediate cancellation without following proper contract procedures. See Exhibit T.

55. **PRETEXTUAL REASONS:** MERCH LABS provided false justifications for termination while concealing the true motive: compliance with RUSSELL's unauthorized interference demands.

56. **CONSPIRACY:** MERCH LABS acted in concert with RUSSELL to harm Plaintiff's business by accepting his false ownership claims and terminating her established partnership without contractual basis.

**Russell's Website Exploitation and Family Manipulation**

57. **UNAUTHORIZED USE OF SON'S IMAGE:** In 2024-2025, RUSSELL created and operated a website prominently featuring Plaintiff's son's image alongside the "OTSS" mark, falsely creating the impression of family endorsement and business association. See Exhibit U.

58. **CALCULATED FAMILY EXPLOITATION:** RUSSELL strategically uses Plaintiff's son's image and popularity to lend credibility to his false ownership claims, knowing that consumers familiar with the son would associate the "OTSS" mark with the family's legitimate business activities.

59. **CONSUMER CONFUSION THROUGH FAMILY CONNECTION:** By displaying Plaintiff's son's image with the "OTSS" mark on his website, RUSSELL intentionally creates marketplace confusion about the true source and ownership of the trademark, exploiting the natural assumption that family members would be associated with the same business enterprise.

60. **WEBSITE AS EVIDENCE OF BAD FAITH:** The unauthorized use of Plaintiff's son's image demonstrates RUSSELL's willful and calculated approach to trademark infringement, similar to

the bad faith conduct found actionable in The Pennsylvania State University v. Vintage Brand LLC, M.D. Pa., No. 21-1901 (Nov. 19, 2024), where defendant's intentional association with plaintiff's marks constituted willful infringement.

61. Defendants' identical use of Plaintiff's mark creates overwhelming likelihood of confusion under established Ninth Circuit analysis in AMF Inc. v. Sleekcraft Boats, 599 F.2d 341 (9th Cir. 1979):

62. **(1) Strength of Mark:** Plaintiff's mark has acquired distinctiveness through 6+ years continuous use, substantial business investment, and consumer recognition. See Exhibit E and Exhibit F.

63. **(2) Proximity of Goods:** Identical - both parties use the mark for clothing and lifestyle products in Class 025.

64. **(3) Similarity of Marks:** The marks are identical, creating presumption of confusion under Brookfield Communications, Inc. v. West Coast Entertainment Corp., 174 F.3d 1036, 1053 (9th Cir. 1999) ("When marks are identical and used on identical goods, likelihood of confusion is presumed").

65. **(4) Actual Confusion:** The June 2025 business interference demonstrates actual confusion in the marketplace. See Exhibit O. Actual confusion is "the best evidence of likelihood of confusion." Levi Strauss & Co. v. Blue Bell, Inc., 778 F.2d 1352, 1358 (9th Cir. 1985). Additional confusion is evidenced by RUSSELL's website use of Plaintiff's son's image with the OTSS mark. See Exhibit U.

66. **(5) Marketing Channels:** Both parties operate through identical channels - online sales, social media, and lifestyle branding.

67. **(6) Purchaser Care:** Clothing purchases typically involve low consumer care, increasing confusion likelihood.

68. **(7) Defendant's Intent:** RUSSELL's actual knowledge, fraudulent application, and exploitation of family relationships through unauthorized use of Plaintiff's son's image demonstrate clear intent to trade on Plaintiff's goodwill. See Exhibit I and Exhibit U. Bad faith intent is strong evidence of likely confusion.

69. **(8) Expansion Likelihood:** Both parties operate in overlapping markets with identical target demographics.

70. **PRIORITY USE DOCTRINE:** Under established trademark law, the party who first uses a mark in commerce owns it, regardless of the amount of sales or commercial success. This fundamental principle has been consistently upheld:

- Blue Bell, Inc. v. Farah Mfg. Co., 508 F.2d 1260, 1275 (5th Cir. 1975) ("The first to use a mark in commerce owns it")

- The Pennsylvania State University v. Vintage Brand LLC, M.D. Pa., No. 21-1901 (Nov. 19, 2024) (jury found willful trademark infringement where defendant used marks creating association with plaintiff, demonstrating that first users retain superior rights even against later commercial users)

- In the US, trademark rights are acquired through use of a mark in commerce, not registration, and "a company gains a degree of trademark protection simply by being the first to use a mark in commerce." Common Law Trademark Rights and Priority of Use, Griffith Barbee (2025)

71. **IDENTICAL MARKS CREATE PRESUMPTION:** "When the marks are identical and the goods or services are closely related; likelihood of confusion is presumed." This principle is reinforced by recent case law, including The Pennsylvania State University v. Vintage Brand LLC, M.D. Pa., No. 21-1901 (Nov. 19, 2024), where a jury found willful trademark infringement based on association and consumer confusion.

## COUNT I - TRADEMARK INFRINGEMENT UNDER THE LANHAM ACT (15 U.S.C. § 1125(a))

72. Plaintiff incorporates all preceding paragraphs.

73. **SUPERIOR COMMON LAW RIGHTS:** Under the Lanham Act, Plaintiff owns superior unregistered trademark rights in "OTSS - ONLY THE STRONG SURVIVE" based on:

- First commercial use in interstate commerce July 3, 2019 (See Exhibit C)

- Continuous commercial use for 6+ years (2019-2025)

- Substantial investment and market penetration (See Exhibit N)

- Consumer recognition and brand distinctiveness (See Exhibit E)

- Priority over Defendants' 2022 application

74. **LANHAM ACT PROTECTION:** Section 1125(a) protects Plaintiff's common law trademark rights against infringement by later users, regardless of federal registration status. Two Pesos, Inc. v. Taco Cabana, Inc., 505 U.S. 763, 768 (1992) ("[C]ommon law trademark rights may be created through use of an inherently distinctive mark").

75. **DEFENDANTS' INFRINGEMENT:** Defendants' use and claimed ownership of identical "OTSS - ONLY THE STRONG SURVIVE" mark in connection with identical goods constitutes trademark infringement under 15 U.S.C. § 1125(a).

76. **WILLFUL CONDUCT:** Defendants' infringement is willful and deliberate given RUSSELL's actual knowledge of Plaintiff's superior rights since 2019 and his fraudulent USPTO filing. See Exhibit I and Exhibit J.

77. **LIKELIHOOD OF CONFUSION:** Defendants' identical mark use creates substantial likelihood of confusion, supported by all Sleekcraft factors and proven by actual marketplace confusion. See Exhibit O.

78. **DAMAGES:** As direct result of infringement, Plaintiff has suffered irreparable harm including:

- Loss of business relationships and six-year manufacturing partnership
- Damage to reputation and brand confusion
- Loss of exclusive use of her trademark
- Loss of business opportunities with investors and educational institutions due to marketplace confusion
- Website platform destruction and customer access disruption
- Emotional distress from family exploitation and forced promotion of false ownership claims
- Consumer confusion among son's fanbase due to RUSSELL's manipulation and unauthorized use of son's image on his website
- Documented financial losses as detailed in expense worksheet See Exhibit P and Exhibit V.

**WHEREFORE, Plaintiff seeks permanent injunctive relief, actual damages, defendants' profits, enhanced damages for willful infringement, and attorney fees under 15 U.S.C. § 1117.**

**COUNT II - UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a))**

79. Plaintiff incorporates all preceding paragraphs.

80. **LANHAM ACT SECTION 1125(a)** prohibits false designation of origin and unfair competition in activities affecting interstate commerce.

81. **FALSE DESIGNATION OF ORIGIN:** Defendants' use of Plaintiff's "OTSS - ONLY THE STRONG SURVIVE" mark falsely designates the origin, sponsorship, or approval of their goods and services.

82. **LIKELIHOOD OF CONFUSION:** Defendants' conduct is likely to cause confusion, mistake, or deception as to:

- Origin and source of goods bearing the mark
- Sponsorship or approval of defendants' activities
- Affiliation or connection with Plaintiff's established brand

83. **ACTUAL CONFUSION PROVEN:** The June 2025 business interference demonstrates actual marketplace confusion caused by Defendants' identical mark use and false ownership claims.

84. **INTERSTATE COMMERCE:** Both parties' activities substantially affect interstate commerce through online sales, multi-state distribution, and national customer base.

85. **UNFAIR COMPETITION:** Defendants' conduct constitutes unfair competition by trading on Plaintiff's established goodwill and business reputation.

**WHEREFORE, Plaintiff seeks injunctive relief, damages, and restitution of defendants' profits under the Lanham Act.**

**COUNT III - FRAUD ON THE USPTO**

86. Plaintiff incorporates all preceding paragraphs.

87. **FRAUDULENT APPLICATION:** RUSSELL as sole owner of OTSS, LLC, committed fraud on the USPTO by directing the filing of trademark application Serial No. 97549083 containing material misrepresentations of fact, using the LLC as a nominal applicant while maintaining actual control of the application process. The fraud standard requires: "(1) false representation to

the USPTO; (2) the false representation is material; (3) knowledge of the falsity; and (4) intent to

deceive the USPTO." Great Concepts Management Group v. Chutter, Inc., Fed. Cir. 2023.

88. **FALSE STATEMENTS OF FACT:** The application falsely claimed:

- Ownership rights in "OTSS - ONLY THE STRONG SURVIVE" mark

- Bona fide intention to use the mark in commerce

- First use or intent to use, when RUSSELL knew of Plaintiff's prior use since 2019

89. **KNOWLEDGE OF FALSITY:** RUSSELL made these statements with actual knowledge of

their falsity, having observed Plaintiff's continuous use since 2019.

90. **INTENT TO DECEIVE:** The false statements were made with intent to deceive the USPTO

and obtain registration to which RUSSELL was not entitled.

91. **USE OF SHELL ENTITY:** Filing through inactive OTSS, LLC demonstrates additional intent

to deceive about true nature of application.

92. **MATERIALITY:** The false statements were material to USPTO's examination and would have

prevented application if disclosed.

**WHEREFORE, Plaintiff seeks withdrawal of fraudulent Application Serial No. 97549083 and any**

**resulting registration.**


**COUNT IV - TORTIOUS INTERFERENCE WITH BUSINESS RELATIONSHIPS**

93. Plaintiff incorporates all preceding paragraphs.

94. **ELEMENTS OF TORTIOUS INTERFERENCE:** To establish tortious interference with

business relationships, Plaintiff must prove: (1) valid business relationship; (2) defendant's

knowledge of the relationship; (3) intentional interference; (4) damages. Korea Supply Co. v.

Lockheed Martin Corp., 29 Cal. 4th 1134, 1153 (2003).

95. **VALID BUSINESS RELATIONSHIPS:** Plaintiff maintained established six-year business

relationships with manufacturing and distribution partners since 2019. See Exhibit N.

96. **DEFENDANTS' KNOWLEDGE:** RUSSELL knew of these relationships through family

connections and observation of Plaintiff's business operations over multiple years. See Exhibit I.

97. **INTENTIONAL INTERFERENCE:** RUSSELL intentionally interfered with Plaintiff's business relationships by:

- Making false ownership claims to business partners (See Exhibit O)
- Using fraudulent USPTO application to create confusion
- Directly contacting partners claiming superior rights

98. **IMPROPER MEANS:** The interference was accomplished through fraud, false statements, and misuse of legal process (fraudulent USPTO application). Della Penna v. Toyota Motor Sales, U.S.A., Inc., 11 Cal. 4th 376, 393 (1995) (interference actionable when accomplished through wrongful means).

99. **CAUSATION AND DAMAGES:** RUSSELL's interference directly caused:

- Disruption of Plaintiff's business relationships and loss of commercial opportunities
- Loss of six-year manufacturing partnership and website platform
- Confusion among investors and educational institutions about trademark ownership
- Lost business opportunities with potential institutional partners

100.     **BUSINESS PARTNER ADMISSION:** Written evidence confirms RUSSELL's direct interference: "Russ asked me to take it down."

**WHEREFORE, Plaintiff seeks compensatory damages, punitive damages, and injunctive relief.**

**COUNT V - CALIFORNIA UNFAIR COMPETITION (Cal. Bus. & Prof. Code § 17200)**

101.     Plaintiff incorporates all preceding paragraphs.

102.     **UNLAWFUL CONDUCT:** Defendants' actions violate federal trademark law (Lanham Act), constituting "unlawful" business practices under California law.

103.     **UNFAIR CONDUCT:** Defendants' interference with established business relationships and fraudulent trademark filing constitutes "unfair" business practices.

104.     **FRAUDULENT CONDUCT:** Material misrepresentations to USPTO and business partners constitute "fraudulent" business practices.

105.     **INJURY AND DAMAGES:** Plaintiff has suffered injury in fact and lost money as result of Defendants' unfair competition.

**WHEREFORE, Plaintiff seeks restitution, injunctive relief, and attorney fees.**

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests judgment against Defendants as follows:

**A. DECLARATORY RELIEF:**

- Declare Plaintiff is the rightful owner of "OTSS - ONLY THE STRONG SURVIVE" trademark with superior rights under the Lanham Act dating to July 3, 2019, in International Class 025 for clothing, namely t-shirts, joggers, shorts, athletic wear, and related apparel

**B. INJUNCTIVE RELIEF:**

- Permanent injunction prohibiting Defendants from using, registering, claiming rights in, or interfering with Plaintiff's "OTSS - ONLY THE STRONG SURVIVE" trademark
- Injunction requiring cessation of all business interference activities
- Order prohibiting Defendants from contacting or communicating with any of Plaintiff's business partners, affiliates, or associates regarding the "OTSS - ONLY THE STRONG SURVIVE" mark or related business matters

**C. WITHDRAWAL:**

- Order withdrawal of Defendants' fraudulent USPTO Application Serial No. 97549083

**D. ACCOUNTING AND RECORD PRODUCTION:**

- Order Defendants to provide complete accounting of all profits, revenues, and benefits derived from any use of Plaintiff's "OTSS - ONLY THE STRONG SURVIVE" mark
- Order Defendants to produce all financial records, business documents, and communications related to the fraudulent trademark application and any use of the mark

**E. MONETARY DAMAGES:**

- Plaintiff's actual damages and lost profits
- Defendants' profits from any use of the mark
- Enhanced damages for willful infringement pursuant to 15 U.S.C. § 1117
- Punitive damages for tortious interference

**F. ATTORNEY FEES AND COSTS:**

- Reasonable attorney fees pursuant to 15 U.S.C. § 1117 for exceptional case involving willful infringement

**G. PRE- AND POST-JUDGMENT INTEREST**

**H. OTHER RELIEF:** Such other relief as this Court deems just and proper, including preservation of Plaintiff's right to pursue additional proceedings to address any third-party reliance on Defendants' unauthorized representations regarding Plaintiff's trademark rights

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands trial by jury on all issues so triable.

Respectfully submitted,

**JANE DOE**

P.O Box 1679 #4062

Sacramento, CA 95812

(805) 303-3768

Email: paralegalhelpinca@gmail.com

Plaintiff in Pro Se

---

**EXHIBIT INDEX**

**Exhibit A** - Documented Expenses and Financial Impact Worksheet

**Exhibit B** - Shopify Store Setup Documentation (June 18, 2019)

**Exhibit C** - Merch Labs Sales Records and Partnership Agreement (July 2019 - May 2021)

**Exhibit D** - Wix Domain Registration Documentation (December 2019)

**Exhibit E** - Social Media Analytics (@otssfoundation, @otss.thebrand, Facebook pages)

**Exhibit F** - Community Events and Marketing Materials (June 2020 - June 2025)

**Exhibit G** - Professional Boxing Match Documentation (April 26, 2025)

**Exhibit H** - Plaintiff's USPTO Trademark Applications

**Exhibit I** - Defendant's Social Media Acknowledgment Posts

**Exhibit J** - Defendants' Fraudulent USPTO Application (August 2022)

**Exhibit K** - OTSS, LLC Formation Documents and Mississippi Secretary of State Records

**Exhibit L** - Defendant Russell D. Redeaux's Threatening Text Messages

**Exhibit M** - Defendants' False Ownership Claims and Articles

**Exhibit N** - MerchLabs Partnership Agreement (June 13, 2019)

**Exhibit O** - Business Partner Communications Showing Interference (June 2025)

**Exhibit P** - Documentation of Lost Business Platform and Relationship Disruption

**Exhibit Q** - Formal Demand Notice to MerchLabs (July 15, 2025)

**Exhibit R** - Russell's May 2022 Email Chain Demonstrating Prior Use Before USPTO Filing

**Exhibit S**- Plaintiff's Cease and Desist Letter to Defendant Russell and Girlfriend Ariel K. Tinsley-Reguster (July 9, 2024)

**Exhibit T** - MerchLabs Improper Termination Notice (July 2025)

**Exhibit U** - Russell's Website Screenshots Showing Unauthorized Use of Son's Image with OTSS Mark

**Exhibit V** – Side-by-Side Comparison of Plaintiff's and RUSSELL's Identical Logos and Website Catalogs

**Exhibit W1**- Federal Trademark Registration Certificate No. 7,896,507 for OTSS in Class 025 (Issued August 13, 2025)

**Exhibit W2** - Federal Trademark Registration Certificate No. 7,980,574 for ONLY THE STRONG SURVIVE FOUNDATION in Class 036 (Issued October 14, 2025)

**Exhibit X**- Defendant's Statement of Use for Application Serial No. 97549083 (Filed November 28, 2025) showing claimed first use June 14, 2023 and first use in commerce July 4, 2024

Dated November 30, 2025

    Respectfully submitted,

    **JANE DOE**

    P.O Box 1679 #4062

Sacramento, CA 95812

(805) 303-3768

Email: jdoeholdings2026@gmail.com

**Plaintiff in Pro Se**

### VERIFICATION

I, Jane Doe, declare under penalty of perjury under the laws of the United States and the State of California that I have read the foregoing Complaint and that the facts stated therein are true and correct to the best of my knowledge, information, and belief.

Executed this 30 day of November 2025, in Los Angeles, California.

**JANE DOE** *Plaintiff in Pro Se*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

JANE DOE, an individual,

*Plaintiff,*

v.

RUSSELL D. REDEAUX, an individual; OTSS, LLC,

a limited liability company; and DOES 1 through 10,

*Defendants.*

Case No.: _____

# EXHIBIT A

**Documented Expenses and**

**Financial Impact Worksheet**

**EXHIBIT A**

2₁

# EXHIBIT   - DOCUMENTED EXPENSES AND FINANCIAL IMPACT WORKSHEET

### v. RUSSELL D. REDEAUX, et al.

**Case No.:** _____

---

## PERSONAL TRADEMARK AND BUSINESS EXPENSES (2018-2025)

### LEGAL AND REGISTRATION COSTS (PERSONAL)

| Expense Category | Amount | Notes |
|---|---|---|
| USPTO Trademark Application #1 (OTSS) | $350 | Application Serial No. 98499296 |
| USPTO Trademark Application #2 (Foundation) | $350 | Application Serial No. 98577766 |
| USPTO Petition to Director Fee | $400 | Trademark protection proceedings (1 class) |
| Attorney Consultation Fee | $450 | Legal review and advice |
| Parker Stanbury Legal Consultation | $616 | Monthly legal services ($44 × 14 months, July 2024-Aug 2025) |
| **LEGAL/REGISTRATION SUBTOTAL** | **$2,166** | |

### TECHNOLOGY AND WEBSITE INFRASTRUCTURE (PERSONAL)

| Expense Category | Amount | Notes |
|---|---|---|
| GoDaddy Domain Registration | $240 | Multi-year domain protection |
| Wix Website Hosting & Development | $2,500 | Professional e-commerce platform |
| GoDaddy Professional Email Services | $800 | Business communications |
| **TECHNOLOGY SUBTOTAL** | **$3,540** | |

### PROFESSIONAL SERVICES (PERSONAL)

| Expense Category | Amount | Notes |
|---|---|---|
| Accounting Services | $1,000 | Business and trademark-related accounting |
| **PROFESSIONAL SERVICES SUBTOTAL** | **$1,000** | |

## EMOTIONAL DISTRESS AND HEALTH IMPACTS (PERSONAL)

| Expense Category | Amount | Notes |
|---|---|---|
| Therapy Sessions | $250 | Mental health support (5 sessions @ $50 each) |
| **HEALTH IMPACT SUBTOTAL** | **$250** | |

## TOTAL PERSONAL EXPENSES: $6,956

## EMPLOYMENT INCOME LOSS DUE TO TRADEMARK DEFENSE

### FORCED EMPLOYMENT DEPARTURE

| Impact Category | Amount | Calculation |
|---|---|---|
| Annual Salary | $45,000 | Full-time employment |
| Monthly Income | $3,750 | $45,000 ÷ 12 months |
| Loss Period (June-Dec 2025) | $26,250 | 7 months × $3,750 |
| **EMPLOYMENT LOSS TOTAL** | **$26,250** | |

**Departure Date:** May 31, 2025
**Reason:** Necessity to dedicate time to trademark defense and business protection following Defendants' interference campaign

## COMBINED TOTAL PERSONAL DAMAGES: $33,206

## ADDITIONAL FINANCIAL IMPACTS

### LOST BUSINESS OPPORTUNITIES

- **Six-Year Partnership Disruption:** Loss of established MerchLabs relationship
- **Platform Destruction:** Complete loss of website traffic and customer base
- **Investor Confusion:** Delayed or lost investment opportunities due to ownership disputes
- **Educational Partnerships:** Lost institutional relationships due to trademark confusion

### ONGOING COSTS

- **Legal Defense:** Costs to defend legitimate trademark rights
- **Brand Rehabilitation:** Expenses to restore market confidence
- **Alternative Platform Development:** Costs to rebuild disrupted business infrastructure

23

## CALCULATION METHODOLOGY

**Direct Personal Loss:** All documented expenses represent actual financial investment and losses personally incurred by Plaintiff ⬛ ⬛ : in developing, protecting, and defending the "OTSS - ONLY THE STRONG SURVIVE" trademark from 2018-2025.

**Enhanced Damages Basis:** Under 15 U.S.C. § 1117, willful trademark infringement may warrant enhanced damages up to three times actual damages.

**Conservative Calculation:**

- Base Personal Investment & Losses: $33,206
- Potential Enhanced Damages (3x): $99,618

_____

*This worksheet documents actual expenses and losses personally incurred by Plaintiff ⬛⬛⬛⬛ in developing, protecting, and defending the "OTSS - ONLY THE STRONG SURVIVE" trademark, plus employment income loss and emotional distress damages resulting from Defendants' interference campaign. All amounts represent documented personal expenditures and losses supported by receipts, employment records, and financial documentation.*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

JANE DOE, an individual,

*Plaintiff,*

v.

RUSSELL D. REDEAUX, an individual; OTSS, LLC,

a limited liability company; and DOES 1 through 10,

*Defendants.*

Case No.: _____

# EXHIBIT B

**Shopify Store Setup Documentation**

**(June 18, 2019)**

**EXHIBIT B**

25

2:03    📶 5G⁰ 🔋



**From**    Otss Clothing (Shopify)
mailer@shopify.com

**To**    otsscorp@gmail.com

**Date**    Jun 18, 2019 at 10:40 PM

🔒    Standard encryption (TLS)
Learn more

# Welcome to Shopify, Katrina.

You're receiving this message because you recently signed up for a Shopify account.

Confirm your email address by clicking the button below. This step adds extra security to your business by verifying you own this email.



↩ Reply    ↪ Forward    ☺

26

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JANE DOE, an individual,

*Plaintiff,*

v.

RUSSELL D. REDEAUX, an individual; OTSS, LLC,

a limited liability company; and DOES 1 through 10,

*Defendants.*

Case No.: _____

# EXHIBIT C

**Merch Labs Sales Records and**
**Partnership Agreement**
**(July 2019 - May 2021)**

**EXHIBIT C**

# MERCHLABS

Order ML8059
July 3, 2019

**SHIP TO**

Oscar ▉▉▉

▉▉▉▉▉▉▉▉▉▉

▉▉▉▉s

**BILL TO**

Oscar ▉▉▉

▉▉▉▉▉▉▉▉▉▉

United States

*First Use
In Commerce*

| ITEMS | | QUANTITY |
|---|---|---|
| ░ | OTSS - Only The Strong Survive Tee (Blue Print)<br>White / Small<br>OTS110001 | 1 of 1 |

**NOTES**

Carrier: USPS Tracking Number: 9400111699000056886726

Thank you for shopping with us!

**MerchLabs**

1210 N Jefferson St., Suite Q, Anaheim CA 92807, United States

shopify@merchlabs.com

merchlabs.com

28



**Tom...** 12:43 PM
to me, Adrien

| From | ▮▮▮▮▮▮▮ |
| To | Trina |
| Cc | Adrien De Guzman |
| Date | Jun 9, 2025 at 12:43 PM |
| 🔒 | Standard encryption (TLS) Learn more |

Hi Trina,

Hope all is well! I can help out with this.  I've attached all-time reports for apparel and masks.  Do you have a paypal account we can send the funds to?

Thank you,



29



1:07  ☐  .ıll 5G 🔋

✕    Screenshot 2025-0...    •••

| Order | Date ↓ | Customer |
|-------|--------|----------|
| **ML189054** | Sep 7 at 1:22 pm | Kamal Deen Sulemana |
| **ML167537** | Mar 12, 2024 | Zachary Rodriguez |
| **ML9653** | Jul 19, 2019 | Marcus Phanor |
| **ML8059** | Jul 3, 2019 | Oscar Rios |

Refund    Return    Edit    Print ›    More actions ›    ‹

3 › **ML8059** ● Paid ● Fulfilled
July 3, 2019 at 10:12 pm from Online Store

⌖ Fulfilled (1)    ML8059-F1

**Location**

USPS tracking number
9400116990006888499    ● Delivered

- **OTSS - Only The Strong Survive Tee (Blue Print)**    $25.00 × 1    $25.00
  White / Small
  SKU: OTS110001

☑ **Paid**

| | | |
|---|---|---|
| Subtotal | 1 item | $25.00 |
| Discount | FIRST | -$2.50 |
| Shipping | Standard Shipping (0.67 lb: Items 0.26 lb, Package 0.41 lb) | $6.95 |
| Taxes | Tax details › | $2.14 |
| **Total** | | **$31.59** |

Paid    $31.59

**Notes**

Carrier: USPS
Tracking Number:
9400116990005886726

**Customer**
Oscar ▬▬
1 order

**Contact information**

**Shipping address**
Oscar ▬

View map

**Billing address**
Same as shipping address

Contact number

 Gmail

**Only The Strong Survives OTSS Foundation <otssfoundation@gmail.com>**

## Order #MM4843 confirmed

**Mouth Masker** ⬛⬛⬛@⬛⬛⬛>
To: otssfoundation@gmail.com

Sat, Nov 21, 2020 at 2:54 PM

# Mouth Masker

ORDER #MM4843

## Thank you for your purchase!

Hi Katrina , we're getting your order ready to be shipped. We will notify you when it has been sent.

View your order    or Visit our store

## Order summary

| | | |
|---|---|---|
| OTSS x MM Only The Strong Survive Mask × 1 | | $10.00 |

| | |
|---|---|
| Subtotal | $10.00 |
| Shipping | $3.95 |
| Taxes | $0.73 |

| | |
|---|---|
| Total | **$14.68 USD** |

32

 **Gmail**

Only The Strong Survives OTSS Foundation <otssfoundation@gmail.com>

---

### Order #MM4859 confirmed

**Mouth Masker** <███████████████████>                    Thu, Nov 26, 2020 at 1:54 AM
To: otssfoundation@gmail.com

---

# Mouth Masker                              ORDER #MM4859

## Thank you for your purchase!

**Hi Katrina , we're getting your order ready to be shipped. We will notify you when it has been sent.**

View your order    or Visit our store

## Order summary

| | | |
|---|---|---|
| OTSS x MM Only The Strong Survive Mask × 1 | | $10.00 |

| | |
|---|---|
| Subtotal | $10.00 |
| Shipping | $3.95 |
| Taxes | $0.73 |
| | |
| Total | **$14.68 USD** |

23



oscar_laced7
Active now

Today 12:39 PM

**Ay d is the shirt says the only** strong
service

 My doesn't

Take a pic of it and send to me

So i can tell my mom





OTSS

1st
order!

  

34

12:51     



## OTSS - Only The Strong Survive Tee (Blue Print)

OTSS

**$25.00**





OTSS - Combo Logo Hoodie and

×

**VIP SIGN UP**

$~~80.00~~

🔒 merchlabs.com

38

# M Gmail

Trina S~~_____~~@gmail.com>

## OTSS DESIGN

To: Trina <~~productebrgmail~~@~~gmail~~.com>

Mon, Apr 6, 2020 at 4:20 PM

Hi Trina,

Hope you're well during these crazy times....

1) Do you have a new shirt design concept you can share?
2) As for mask, we actually partnered with a company, MouthMasker.com, and offer our influencers their own custom mask. In return, **our partners make 25% gross revenue from their mask sales**. I can turn this around in 2-3 days once the design is approved. Lmk and I can show you some examples tomorrow.

thanks,

~~_____~~
~~_____~~
~~_____~~.com

On 4/6/20 3:31 PM, Trina wrote:

Hi Mitch,

How are you holding up?

Can we get some new
#onlythestrongsurvive #otss
shirts and masks? What is turn around on masks?

We will pay for the samples

Thanks!

On Wed, Nov 20, 2018, 4:16 PM Trina ~~_____~~ wrote:
Ohhhhh thought it was just a design. Ok noted

On Wed, Nov 20, 2019, 3:30 PM Mitchell Park <~~_____~~> wrote:
Hi Trina,

Unfortunately, we don't offer all-over prints.
Wouldn't even know where to look to get prints like this =(

 **Gmail**                                    **Only The Strong Survives OTSS Foundation <otssfoundation@gmail.com>**

---

## Fwd: OTSS DESIGN

**Trina <███████████@gmail.com>**                                         **Wed, Apr 8, 2020 at 6:35 PM**
To: otssfoundation@gmail.com
Cc: Izma Ent <███████@gmail███>

---------- Forwarded message ---------
From: **Mitchell Park** <mitch@merchlabs.com>
Date: **Wed, Apr 8, 2020, 9:37 AM**
Subject: Re: OTSS DESIGN
To: Trina <███████████@gmail.com>

Attached are mask for **OTSS a**nd Una.

Let me know if approved and I'll see how fast we can get samples made.

thanks,

Mitchell,██
Merchlabs.com
██████

On 4/7/20 12:14 PM, Trina wrote:

> Let's do mock up for **OTSS m**ask too
>
> **#OTSS**
> **"Only The Strong Survive"**
>
> On Tue, **Apr 7, 2020,** 10:16 AM Trina <████████@gmail███ █wrote:
> Ok thank you and noted!!
>
>> On Mon, Apr 6, 2020, 11:37 PM Mitchell<████████████████> wrote:
>> I believe they don't want to go under $20 per mask as they are donating a mask for every mask
>> purchased. If you don't agree, let me know and I can talk with them to see other options. They are not
>> selling wholesale.
>>
>> For Una, I'll have a mock for you tomorrow or Wednesday for approval.
>> If everything checks out, we can have Una's mask up within the end of this week.
>>
>> thanks,
>>
>> Mitchell ███
>> Merchlabs.com
>> ██████
>>
>> On 4/6/20 6:50 PM, Trina wrote:
>>
>>> Hi Mitch ,
>>>
>>> Yes I am well thanks!
>>>
>>> Ok yes so will get new design for son.
>>> Is there Required price for the masks?
>>> Also is there an option to buy them at wholesale price?

3ᴈ

thanks,

Mitchell

**On 11/20/19 10:51 AM, Trina wrote:**

**On Wed, Nov 20, 2019, 10:51 AM Trina** ⟨[redacted]@gmail.com⟩ wrote:

Hi Mitch,

Can we do a new jogger set design like this for OTSS putting logo everywhere?

https://www.guessfactory.com/en/catalog/view/women/activewear/dolores-sequin-logo-pullover/q94q18r8qh0?color=g532

Royal blue and Red options with White font?

Thanks!

Trina

36

**8:24**

to Mitchell, ots... ^

| From | **Trina**<br>producedbytrina@gmail.com |
|------|------------------------------------------|
| To   | Mitchell Park<br>mitch@merchlabs.com |
| Cc   | otsscorp@gmail.com |
| Date | Jun 14, 2019 at 4:18 PM |

Attached front samples for t shirts and hoodies and below is for the back.

OPTION #1

"ONLY THE STRONG SURVIVE"
                00
(make this big like a jersey #)

OPTION#2

WORK HARD BUT PLAY HARDER
        #onlythestrongsurvive

Sweat suit can be like attached sample with OTSS in front and OTSS on top side of pants.

39

 Gmail

## Referral and updates

**Mitchell Park** <mitch@merchlabs.com>                                    Tue, Sep 10, 2019 at 11:22 AM
To: Trina <producedbytrina@gmail.com>

Hi Trina,

So sorry, must have missed this email! Was scrolling through old emails and saw this message from you unopened.

For the shorts you need for the boys, should i just send you 2 SMALLS (shorts attached)?


thanks,

Mitchell Park
www.merchlabs.com
(C) 714-364-7779
(O) 562-698-0397
[Quoted text hidden]

_____

    **OTSS Shorts.jpg**
44K

7:40

## Samples  Inbox

me  Jun 14, 2019
to Mitchell, ots... ⌄

Attached front samples for t shirts and hoodies and below is for the back.

OPTION #1

"ONLY THE STRONG SURVIVE"
                00
(make this big like a jersey #)


OPTION#2

WORK HARD BUT PLAY HARDER
       #onlythestrongsurvive

Sweat suit can be like attached sample with OTSS in front and OTSS on top side of pants.

4)

9:52                              5G



## OTSS – MerchLabs        Visit

Images may be subject to copyright. **Learn More**

## Related content





🌐 MerchLabs              🌐 MerchLabs

OTSS – MerchLabs         OTSS – MerchLabs

🔒 Q otss the brand — Private

42

# OTSS

Sort ⌄




**OTSS – Only The Strong Survive Tee (Blue Print)**
OTSS
$25.00

**OTSS – Only The Strong Survive Tee (Black Print)**
OTSS
$25.00




★ Rewards

🔒 merchlabs.shop — Private

43

**Gmail**

Trina

## OTSS DESIGN

Trina <———————————@gmail.com>
To: Mitchell <————————————>

Wed, Nov 20, 2019 at 10:51 AM

Hi Mitch,

Can we do a new jogger set design like this for OTSS putting logo everywhere?

https://www.guessfactory.com/en/catalog/view/women/activewear/dolores-sequin-logo-pullover/q94q18r8qh0?color=g532

Royal blue and Red options with White font?

Thanks!

Trina

Trina

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JANE DOE, an individual,

*Plaintiff,*

v.

RUSSELL D. REDEAUX, an individual; OTSS, LLC,

a limited liability company; and DOES 1 through 10,

*Defendants.*

Case No.: _____

# EXHIBIT D

**Wix Domain Registration Documentation**

**(December 2019)**

**EXHIBIT D**



Wix.com LTD
40 Namal Tel Aviv, 6350671
Israel

**Issued to:**

KATRINA SANCHEZ

████████████CARSON

California United States

## Invoice #567214513 | Dec 13, 2019 | Paid

| Description | Site | Billing Period | Quantity | Amount |
|---|---|---|---|---|
| Premium Plan | Mysite 1 | Monthly | 1 | $28.00 |
| Business Basic | | Dec 13, 2019 - Jan 13, 2020 | | |

**Payment Method: Visa ····9794**

| Subtotal | $28.00 |
|---|---|
| **Total** | **$28.00** |

 

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JANE DOE, an individual,

*Plaintiff,*

v.

RUSSELL D. REDEAUX, an individual; OTSS, LLC,

a limited liability company; and DOES 1 through 10,

*Defendants.*

Case No.: _____

# EXHIBIT E

**Social Media Analytics**
**(@otssfoundation, @otss.thebrand,**
**Facebook pages)**

**EXHIBIT E**

47



# Only The Strong Survive Foundation

**217** likes  ·  **224** followers



An organization for women and men within entertainment that suffers from Depression, Homelessness, Do



    

46

1:41    

# otss.thebrand ⌄ •  



**3**
posts

**505**
followers

**0**
following

**OTSS The Official Brand**
OTSS Founded in 2019
ONLY THE STRONG SURVIVE  #theoriginal

 www.otssclothing.com

| Edit profile | Share profile |  |

**Discover people**          See all

 ×           ×

**A Motsinger**          **Ivan Wrona**          (

Suggested for you          Suggested for you          Su

                    F

                

49

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JANE DOE, an individual,

*Plaintiff,*

v.

RUSSELL D. REDEAUX, an individual; OTSS, LLC,

a limited liability company; and DOES 1 through 10,

*Defendants.*

Case No.: _____

# EXHIBIT F

**Community Events and**
**Marketing Materials**
**(June 2020 - June 2025)**

**EXHIBIT F**

60





ONLY THE STRONG SURVIVE FOUNDATION PRESENTS

# Time for a CHANGE

**FREE Benefit Virtual Panel and Concert**

SUNDAY NOV 1ST, 2020 | TIME: 1PM (PST)

RSVP ONLINE: www.otssfoundation.org

**Empowering Black Excellence and Supporting Struggling Artists**

# $1,000 Sponsorship Giveaway



DONATE NOW: $otssfoundation

Media/Press E-mail:

5)

2:45



< 

**otssfoundation**    • • •



5 2



9:25                              .ıl 5G 🔋

<   

**All**    **Posts**    **People**    **Reels**    **Groups**

 T⃞⃞⃞⃞ ⃞ is with ⃞⃞⃞⃞⃞ ⃞⃞ ⃞⃞⃞ and **2 others**.        •••
Jun 26, 2019 · 👥

Starting my son and lil brother own clothing brand. #Onlythestrongsurvive = OTSS... See more



👍❤️ 47                    10 comments  1 share

          

54



OTSS December 25, 2019

This lady is homeless with 2 children and went to school to pursue entertainment. Her dream is to edit music videos and our organization goal is to help her pursue that dream. I cant wait to bring her on set with me @otssfoundation

65



# I produced this in 2020 and it was a special moment





@otssfoundation

# bringing my non profit @otssfoundation back

57

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

JANE DOE, an individual,

*Plaintiff,*

v.

RUSSELL D. REDEAUX, an individual; OTSS, LLC,

a limited liability company; and DOES 1 through 10,

*Defendants.*

Case No.: _____

# EXHIBIT G

**Professional Boxing Match Documentation**

**(April 26, 2025)**

**EXHIBIT G**



8:52

APR 7·AT 8:23 PM

Mentioned you in their story

Story unavailable

Sent @liveone5's story

Story unavailable

You Gasolina

😂

You mentioned @liveone5 in your story

Story unavailable

lol added some music to it

I'm just gettin used to this posting shit.... im throwing ya logo on my fight shorts for free as a birthday gift.. enjoy ya night. Love ya 💜

how u been

Message...

59





6 )



## Pro Boxer ███████ Summers Fights On BLK PRIME PPV APRIL 26, 2025

00.00.0000 00:00 |
Press release from: Ring Kings LLC



*April 26 at the Gateway Center, Arena.*

(openPR) - Las Vegas, NV - March 8, 2025 - ███████ "Live One 5" Summers 7-0 (7 KO) is set to appear on BLK Prime PPV on April 26, 2025, at the Gateway Center Arena in College Park, Georgia. The event will be broadcast live on BLK Prime from Atlanta. The main card features notable fighters Amado Vargas from MarvNation Promotions and Ashton Sylve from MVP Promotions.

Summers, an emerging star in professional



62

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JANE DOE, an individual,

*Plaintiff,*

v.

RUSSELL D. REDEAUX, an individual; OTSS, LLC,

a limited liability company; and DOES 1 through 10,

*Defendants.*

Case No.: _____

# EXHIBIT H

**Plaintiff's USPTO Trademark Applications**

**EXHIBIT H**

63

## Trademark/Service Mark Application, Principal Register

### TEAS Plus Application

**Serial Number: 98499296**
**Filing Date: 04/14/2024**

## To the Commissioner for Trademarks:

**MARK:** OTSS (Standard Characters, see mark)
The literal element of the mark consists of OTSS. The mark consists of standard characters, without claim to any particular font style, size, or color.
The applicants, Katrina I Sanchez, a citizen of United States, having an address of
   18330 MILMORE AVE
   CARSON, California 90746
   United States
   3107221019(phone)
   XXXX
IZMA ENTERTAINMENT, INC, DBA IZMA, a corporation of California, having an address of
   3635 WEST TWAIN AVE SUITE A
   LAS VEGAS, Nevada 89103
   United States
   8182878048(phone)
   XXXX
request registration of the trademark/service mark identified above in the United States Patent and Trademark Office on the Principal Register established by the Act of July 5, 1946 (15 U.S.C. Section 1051 et seq.), as amended, for the following:

**For specific filing basis information for each item, you must view the display within the Input Table.**
International Class 025: T-shirts; Hooded sweatshirts

Use in Commerce: The applicant is using the mark in commerce on or in connection with the identified goods/services. The applicant attaches, or will later submit, one specimen as a JPG/PDF image file showing the mark as used in commerce on or in connection with any item in the class of listed goods/services, regardless of whether the mark itself is in the standard character format or is a stylized or design mark. The specimen image file may be in color, and the image must be in color if color is being claimed as a feature of the mark.

In International Class 025, the mark was first used by the applicant or the applicant's related company or licensee predecessor in interest at least as early as 06/20/2019, and first used in commerce at least as early as 07/08/2019, and is now in use in such commerce. The applicants are submitting one(or more) specimen(s) showing the mark as used in commerce on or in connection with any item in the class of listed goods/services, consisting of a(n) OTSS - ONLY THE STRONG SURVIVE TEE (BLACK PRINT) \$25.00 Printed on our premium, super-soft tee 100% combed cotton jersey (heather grey tees are 60/40 cotton/poly) 4.3-oz. 32 singles for extreme softness 1x1 baby rib-knit set-in collar.; OTSS - LOGO HOODIE \$42.00 Mid-weight fleece. 8.25 Oz (280 gsm). 30 singles 100% Cotton face yarn 80% Ringspun Cotton, 20% Polyester. 3 Panel hood.
Specimen File1
Specimen File2
Specimen File3

Webpage URL: https://merchlabs.com/products/otss-logo-hoodie?_pos=2&_sid=59202a4ae&_ss=r
Webpage Date of Access: 07/08/2019
Webpage URL: https://otss-clothing.myshopify.com/
Webpage Date of Access: 06/25/2019

**Disclaimer**
No claim is made to the exclusive right to use OTSS apart from the mark as shown.

**Claim of Active Prior Registration(s)**
The applicant claims ownership of active prior U.S. Registration Number(s) 4882120.



**Translation**

The English translation of OTSS in the mark is ENGLISH.

**Translation**

The wording OTSS has no meaning in a foreign language.

**Transliterations**

The non-Latin characters in the mark transliterate to OTSS and this means OTSS in English.

**Transliterations**

The non-Latin characters in the mark transliterate to OTSS and this has no meaning in a foreign language.

**Significance of wording, letter(s), or numeral(s)**

OTSS appearing in the mark means or signifies or is a term of art for OTSS in the relevant trade or industry or as used in connection with the goods/services listed in the application.

**Significance of wording, letter(s), or numeral(s)**

OTSS appearing in the mark has no significance nor is it a term of art in the relevant trade or industry or as used in connection with the goods/services listed in the application, or any geographical significance.

**Significance of wording, letter(s), or numeral(s)**

The word(s) OTSS has no meaning in a foreign language.

**Name(s), Portrait(s), Signature(s) of individual(s)**

The name(s), portrait(s), and/or signature(s) shown in the mark does not identify a particular living individual.

**Use of the mark in another form**

The mark was first used anywhere in a different form other than that sought to be registered at least as early as 01/01/2019, and in commerce at least as early as 07/03/2019.

**Concurrent use**

Concurrent use information. There was a prior registration (Reg. No. 4882120) for the mark OTSS by Jayson Algarin located at 847 Erie St Camden, UNITED STATES OF AMERICA UNITED STATES 08102 filed mark OTSS on Jan. 15, 2014 that covered [GOODS/SERVICES 025]. This prior registration issued on Jan. 05, 2016 but was canceled/expired on Jul. 15, 2022 . Applicant has obtained written consent from Jayson Algarin dated April 7th,2023 stating they have no intention to resume use of the mark OTSS and consenting to applicant's registration and use of the OTSS mark nationwide.

For informational purposes only, applicant's website address is: WWW.IZMAENTERTAINMMENT.COM
The applicant's current Correspondence Information:

Sanchez, Katrina I
PRIMARY EMAIL FOR CORRESPONDENCE: producedbytrina@gmail.com
SECONDARY EMAIL ADDRESS(ES) (COURTESY COPIES): IZMAENT@GMAIL.COM

**Requirement for Email and Electronic Filing:** I understand that a valid email address must be maintained by the applicant owner/holder and the applicant owner's/holder's attorney, if appointed, and that all official trademark correspondence must be submitted via the Trademark Electronic Application System (TEAS).

A fee payment in the amount of $250 has been submitted with the application, representing payment for 1 class(es).

**Declaration**

☑ **Basis:**

**If the applicant is filing the application based on use in commerce under 15 U.S.C. § 1051(a):**

- The signatory believes that the applicant is the owner of the trademark/service mark sought to be registered;
- The mark is in use in commerce and was in use in commerce as of the filing date of the application on or in connection with the goods/services in the application;
- The specimen(s) shows the mark as used on or in connection with the goods/services in the application and was used on or in connection with the goods/services in the application as of the application filing date; and
- To the best of the signatory's knowledge and belief, the facts recited in the application are accurate.



×

<

>



2 / 2

ⓘ

| L | 30" | 22" |
|---|---|---|
| XL | 31 | 24 |
| XXL | 32" | 26 |
| XXXL | 33 | 28" |

**Color** White

**Size**

Small    Medium    Large    X-Large

XX-Large    XXX-Large    Youth / XL

Youth / Small    Youth / Medium    Youth / Large

**Quantity**    1

**Care Instructions**

Machine wash cold, inside out. Hang dry
recommended. Do not dry clean.

| Add to cart |
|---|

| Buy with shop Pay |
|---|

More payment options

---



Merch Labs. All Rights Reserved
Create freely. Freely create.

**Menu**

Size Chart
Delivery Information
Return Information
Privacy Policy
Terms & Conditions
Contact

**Social media**

Follow MerchLabs

 

**Join the VIP list – Free!**

Join our mailing list for special offers, early
access, and more!

Email address    →

---

English ∨    USD ∨    Shop    About    Contact

Return policy    Privacy policy    Terms of service

 

     

**1:46**





**otssfoundation**
Skid Row, Los Angeles

•••



   

**24 likes**

**otssfoundation** Giving back is what we do
and this was a very beautiful and peaceful
day. Thank you to our team for... more

December 28, 2019

    

67

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

JANE DOE, an individual,

*Plaintiff,*

v.

RUSSELL D. REDEAUX, an individual; OTSS, LLC,

a limited liability company; and DOES 1 through 10,

*Defendants.*

Case No.: _____

# EXHIBIT I

**Defendant's Social Media**
**Acknowledgment Posts**

**EXHIBIT I**

68



69



1:59

## Posts
onlythestrongsurvivela

**Follow**

♡ 29   ◯ 5   ⇄   ▽ 4                              🔖

**rrstampx** Every city has a hero. Every hero
has a story. This drop is for those who carry
Los Angeles on their back... more

September 25

rrstampx and 4 others

70



  

71

**11:46**　　　　　　　　　　.ıll 5G ▭




RRSTAMPX
**Posts**

[ **Follow** ]

# About Us

Only The Strong Survive is a brand that stands on the
principles of hard work, pushing through obstacles,
presenting your best self and living in your purpose.
Apparel brand is Created, Curated and Founded by Oaks
Christian Stand Out High School athlete ████████
███████ "I created this brand to inspire and motivate
people of all ages, races and sexual orientation to get up
everyday and chase their dreams"





♡ 28　◯ 2　▽　　　　　　　　　◱

**rrstampx**  WEB STORE GRAND OPENING
OTSS  ... more

June 1, 2023

　　　　

72



rrstampede and otss_thebrand
Elevation

rrstampede Can you live with the choices you made? Did you stay humble, protect the relationships you value? Did you take the moral high ground? Are you proud of your reflection and your legacy? KARMA is real. Next Move Best Move #ONLYTHESTRONGSURVIVE

1d

mikemurray300 Sure did...
1d  1 like  Reply

theotisbeasley ● My guy 🦵♥. Only The Strong Survive
1d  1 like  Reply

datpielife One day I'll be like yo

mrdonatus Big Dog 🐺 God is good bro!!☑. OTSS YES SIR

1d  1 like  Reply

82 likes
2 DAYS AGO

Add a comment...

73



 rrstampx    • • •



♡ 52    ◯ 3    ▽    

**rrstampx** My son @d_otss coming with new
line OTSS "Only Strong Survive"

June 22, 2019

75

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JANE DOE, an individual,
*Plaintiff,*

v.

RUSSELL D. REDEAUX, an individual; OTSS, LLC,
a limited liability company; and DOES 1 through 10,
*Defendants.*

Case No.: _____

# EXHIBIT J

**Defendants' Fraudulent USPTO Application**
**(August 2022)**

**EXHIBIT J**

76

PTO- 1478
Approved for use through 10/31/2024. OMB 0651-0009
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number

# Trademark/Service Mark Application, Principal Register

**Serial Number: 97549083**
**Filing Date: 08/15/2022**

### The table below presents the data as entered.

| Input Field | Entered |
|---|---|
| **SERIAL NUMBER** | 97549083 |
| **MARK INFORMATION** | |
| **\*MARK** | \\TICRS\EXPORT18\IMAGEOUT 18\975\490\97549083\xml1 \ APP0002.JPG |
| **SPECIAL FORM** | YES |
| **USPTO-GENERATED IMAGE** | NO |
| **LITERAL ELEMENT** | ONLY THE STRONG SURVIVE |
| **COLOR MARK** | NO |
| **\*DESCRIPTION OF THE MARK** (and Color Location, if applicable) | The mark consists of the literal element ONLY THE STRONG SURVIVE appearing in a circle around the design of a pyramid. |
| **PIXEL COUNT ACCEPTABLE** | YES |
| **PIXEL COUNT** | 944 x 921 |
| **REGISTER** | Principal |
| **APPLICANT INFORMATION** | |
| **\*OWNER OF MARK** | OTSS LLC |
| **\*MAILING ADDRESS** | 3176 Casino Dr. |
| **\*CITY** | Thousand Oaks |
| **\*STATE** (Required for U.S. applicants) | California |
| **\*COUNTRY/REGION/JURISDICTION/U.S. TERRITORY** | United States |
| **\*ZIP/POSTAL CODE** (Required for U.S. and certain international addresses) | 91362 |
| **\*EMAIL ADDRESS** | XXXX |
| **LEGAL ENTITY INFORMATION** | |
| **TYPE** | limited liability company |
| **STATE/COUNTRY/REGION/JURISDICTION/U.S. TERRITORY WHERE LEGALLY ORGANIZED** | Mississippi |
| **GOODS AND/OR SERVICES AND BASIS INFORMATION** | |
| **INTERNATIONAL CLASS** | 025 |
| **\*IDENTIFICATION** | Clothing; sweatshirts; t-shirts; socks; outerwear; hats; footwear; towels and bedding; bags; backpacks. |

| FILING BASIS | SECTION 1(b) |
|---|---|
| **ATTORNEY INFORMATION** | |
| NAME | Scott M. Sisun, Esq. |
| ATTORNEY BAR MEMBERSHIP NUMBER | XXX |
| YEAR OF ADMISSION | XXXX |
| U.S. STATE/ COMMONWEALTH/ TERRITORY | XX |
| FIRM NAME | Sisun Law |
| STREET | 135 Madison Avenue, Floor 5 |
| CITY | New York |
| STATE | New York |
| COUNTRY/REGION/JURISDICTION/U.S. TERRITORY | United States |
| ZIP/POSTAL CODE | 10016 |
| EMAIL ADDRESS | scott@sisunlaw.com |
| **CORRESPONDENCE INFORMATION** | |
| NAME | Scott M. Sisun, Esq. |
| PRIMARY EMAIL ADDRESS FOR CORRESPONDENCE | scott@sisunlaw.com |
| SECONDARY EMAIL ADDRESS(ES) (COURTESY COPIES) | paralegal@sisunlaw.com |
| **FEE INFORMATION** | |
| APPLICATION FILING OPTION | TEAS Standard |
| NUMBER OF CLASSES | 1 |
| APPLICATION FOR REGISTRATION PER CLASS | 350 |
| *TOTAL FEES DUE | 350 |
| *TOTAL FEES PAID | 350 |
| **SIGNATURE INFORMATION** | |
| ORIGINAL PDF FILE | hw_6315738237-161744537_. ONLY_THE_STRONG_SURVIVE_ and_design_trademark_ap plication.pdf |
| CONVERTED PDF FILE(S) (8 pages) | \\TICRS\EXPORT18\IMAGEOUT 18\975\490\97549083\xml1\ APP0003.JPG |
| | \\TICRS\EXPORT18\IMAGEOUT 18\975\490\97549083\xml1\ APP0004.JPG |
| | \\TICRS\EXPORT18\IMAGEOUT 18\975\490\97549083\xml1\ APP0005.JPG |
| | \\TICRS\EXPORT18\IMAGEOUT 18\975\490\97549083\xml1\ APP0006.JPG |
| | \\TICRS\EXPORT18\IMAGEOUT 18\975\490\97549083\xml1\ APP0007.JPG |
| | \\TICRS\EXPORT18\IMAGEOUT 18\975\490\97549083\xml1\ APP0008.JPG |
| | \\TICRS\EXPORT18\IMAGEOUT 18\975\490\97549083\xml1\ APP0009.JPG |

78

|  | \\TICRS\EXPORT18\IMAGEOUT 18\975\490\97549083\xml1\ APP0010.JPG |
|---|---|
| **SIGNATORY'S NAME** | Russell Redeaux |
| **SIGNATORY'S POSITION** | Co-Founder |
| **SIGNATURE METHOD** | Handwritten |

79

**MARK:** ONLY THE STRONG SURVIVE (stylized and/or with design, see below )



The literal element of the mark consists of ONLY THE STRONG SURVIVE. The applicant is not claiming color as a feature of the mark. The mark consists of the literal element ONLY THE STRONG SURVIVE appearing in a circle around the design of a pyramid.
The applicant, OTSS LLC, a limited liability company legally organized under the laws of Mississippi, having an address of
   3176 Casino Dr.
   Thousand Oaks, California 91362
   United States
   russredeaux@gmail.com

requests registration of the trademark/service mark identified above in the United States Patent and Trademark Office on the Principal Register established by the Act of July 5, 1946 (15 U.S.C. Section 1051 et seq.), as amended, for the following:

International Class 025:  Clothing; sweatshirts; t-shirts; socks; outerwear; hats; footwear; towels and bedding; bags; backpacks.
Intent to Use: The applicant has a bona fide intention, and is entitled, to use the mark in commerce on or in connection with the identified goods/services.



UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JANE DOE, an individual,

*Plaintiff,*

v.

RUSSELL D. REDEAUX, an individual; OTSS, LLC,

a limited liability company; and DOES 1 through 10,

*Defendants.*

Case No.: _____

# EXHIBIT K

**OTSS, LLC Formation Documents and**
**Mississippi Secretary of State Records**

**EXHIBIT K**

Ꮬ/

**F0100**
**Fee: $ 50**



**2021257115**

Business ID: 1278007
Filed: 04/28/2021 03:15 PM
Michael Watson
Secretary of State

P.O. BOX 136
JACKSON, MS 39205-0136
TELEPHONE: (601) 359-1633

## Mississippi Limited Liability Company Certificate of Formation

### Business Information

*Business Type:* Limited Liability Company
*Business Name:* OTSS LLC
*Business Email:* otssunlimted@gmail.com
*Future Effective Date:* 04/29/2021

### NAICS Code/Nature of Business

484122 - General Freight Trucking, Long-Distance, Less Than Truckload
484110 - General Freight Trucking, Local
484121 - General Freight Trucking, Long-Distance, Truckload

### Registered Agent

*Name:* Russell Redeaux
*Address:* 2375 S Norrell Rd
Bolton, MS 39041

### Signature

The undersigned certifies that:
1) he/she has notified the above-named registered agent of this appointment;
2) he/she has provided the agent an address for the company, and;
3) the agent has agreed to serve as registered agent for this company

By entering my name in the space provided, I certify that I am authorized to file this document on behalf of this entity, have examined the document and, to the best of my knowledge and belief, it is true, correct and complete as of this day *04/28/2021*.

*Name:*
Russell Redeaux
*Manager*

*Address:*
2375 S. Norrell rd
Bolton, MS 39041

82



ns.gov/corp/portal/c/page/corpbusinessidsearch/portal.aspx#

User Actions

View Filed Documents    Opt-in or Opt-out of Email updates    Print Business Details

Name History

| Name | Name Type |
|------|-----------|
| OTSS LLC | Legal |

Business Information

**Business Type:** Limited Liability Company
**Business ID:** 1278007
**Status:** Dissolved
**Effective Date:** 04/29/2021
**State of Incorporation:** Mississippi
**Principal Office Address:** NO PRINCIPAL OFFICE ADDRESS FOUND

Registered Agent

**Name**
Russell Redeaux
2375 S Norrell Rd
Bolton, MS 39041

Officers & Directors

| Name | Title |
|------|-------|
| Russell Redeaux | Manager |
| 2375 S. Norrell rd | |
| Bolton, MS 39041 | |

Details

Details

83

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JANE DOE, an individual,

*Plaintiff,*

v.

RUSSELL D. REDEAUX, an individual; OTSS, LLC,

a limited liability company; and DOES 1 through 10,

*Defendants.*

Case No.: _____

# EXHIBIT L

**Defendant Russell D. Redeaux's**
**Threatening Text Messages**

**EXHIBIT L**

84

63



**Russell D. Redeaux**
OTSS, LLC
3176 Casino Dr
Thousand Oaks, CA 91362
RR@otssthebrand.com
310-404-9912

May 29, 2025

████████████████

P.O. Box 1679 No. 4062
Sacramento, CA 95812

**Trademark Harassment, Frivolous Lawsuits, and Ongoing Infringement of "Only The Strong Survive"**

Dear Ms. Sanchez,

I am writing to formally address your continued harassment and baseless legal actions in connection with the "Only The Strong Survive" and "OTSS" trademarks and brand.

On **May 22, 2025**, you filed a civil complaint and ex parte application for a temporary restraining order in the United States District Court, Central District of California, case no. **2:25-cv-04669-RGK-SSC**, against myself and OTSS, LLC. That case was summarily **dismissed on May 23, 2025** by Judge R. Gary Klausner, citing that the complaint "fails to state a claim upon which relief may be granted" and further stating that "the deficiencies in the complaint cannot be cured by amendment."

Additionally, on **May 27, 2025, the United States Patent and Trademark Office (USPTO) officially published my trademark application for "Only The Strong Survive", Serial No. 97549083**. This confirms that my application has been examined, accepted, and published validating the legitimacy of my brand's use in commerce.

85

64

Let this letter serve as a **formal demand** that you immediately **cease and desist** from:

1. **Manufacturing, marketing, selling, or distributing** any goods bearing the marks "Only The Strong Survive," "OTSS," or any confusingly similar derivatives;

2. **Using or replicating any logos, marks, or design elements** owned or created by me, Russell D. Redeaux, in association with the "Only The Strong Survive" brand;

3. **Filing or threatening frivolous lawsuits** intended solely to harass, intimidate, or disrupt lawful business activity;

4. **Making defamatory statements,** including but not limited to public slander, unsubstantiated claims to third parties, and communications to school officials or business associates which negatively impact my reputation or professional relationships.

Your repeated actions now fall under abuse of process and malicious prosecution. As a reminder **Federal and state laws prohibit the misuse of judicial systems for harassment.** Specifically, **California Code of Civil Procedure § 128.7 and Federal Rule of Civil Procedure 11** impose sanctions for filing complaints without legal merit or factual basis.

Should you continue these disruptive, defamatory, and infringing actions, **I will pursue all legal remedies available to the fullest extent of the law,** including injunctive relief, damages, and legal action for defamation and trademark infringement. This applies to you and any third party acting at your direction.

This is your final warning to discontinue your unlawful conduct. If you or any representative fail to comply, legal action will be initiated without further notice

Sincerely,

Russell D. Redeaux
Co Founder - OTSS, LLC



**5:55**

**‹ 97**

**R**

Russ ›

i understand all
what you trying to do
and say but you know for
a fact i started a brand
for D and told you about
it

It's apart of my story and
that will never change

you never told
me anything about this
nor involved me

this is about D not
your school

That is a lie

I will continue to defend
my trademark period

There is no coincidence
that close

+          iMessage          ·ı|ı·



81

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JANE DOE, an individual,

*Plaintiff,*

v.

RUSSELL D. REDEAUX, an individual; OTSS, LLC,

a limited liability company; and DOES 1 through 10,

*Defendants.*

Case No.: _____

# EXHIBIT M

**Defendants' False Ownership Claims
and Articles**

**EXHIBIT M**

88

1:42
◀ Messages



**MARKETING**

# High-profile Florida QB DJ Lagway to launch merchandise line

BY **BEN PORTNOY**
**04.12.2024**



Five-star Florida freshman QB DJ Lagway is set for a new merchandise drop in collaboration with Only The Strong Survive, a hub designed to unite athletes and fans and commemorate success through exclusive limited-

🔒 sportsbusinessjournal.com

89

**1:43**

◀ Messages

OTSS was founded by the father-son duo of Russell and ▬▬▬▬▬▬▬ .

▬▬▬▬▬▬ who is the California 100M record-holder, is one of the top ▬▬▬▬ recruits in the ▬▬▬▬ class, per 247Sports.

"My dad brought it to my attention, like this idea of a campaign and how would NIL fall under OTSS," he told SBJ. "I was like, 'This would be a great idea,' because I feel like the athletes we pick and the actions we choose, they'll be a great representation of our brand and showing their

*Son, stated he did not write this* ←

🔒 sportsbusinessjournal.com

90



91



**OTSS COMMERCIAL (PLEASE POST)** Inbox

**RUSS R** Jul 21
to russ, Deshonne, me, r... ⌄

From  RUSS R · rr@otssthebrand.com
To     russ@stampxgroup.com
       Deshonne R · dr@otssthebrand.com
       deshonneredeaux@gmail.com
       russredeaux@gmail.com
Date  Jul 21, 2023, 6:33 AM
🔒    Standard encryption (TLS).
       View security details

TODAY IS THE DAY, MY SON AND I ARE VERY GRATEFUL FOR
YOUR PARTICIPATION AND SUPPORT OF OUR HOMEGROWN
FAMILY BRAND ONLY THE STRONG SURVIVE
📎 OTSS Brand_Part1_Social.mp4

**dtharuler** Nov 30
to Trina ⌄

From  dtharuler · deshonneredeaux@gmail.com
To     Trina · producedbytrina@gmail.com
Date  Nov 30, 2023, 12:28 PM

92

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JANE DOE, an individual,

*Plaintiff,*

v.

RUSSELL D. REDEAUX, an individual; OTSS, LLC,

a limited liability company; and DOES 1 through 10,

*Defendants.*

Case No.: _____

# EXHIBIT N

**MerchLabs Partnership Agreement**
**(June 13, 2019)**

**EXHIBIT N**

93



# ⚗ MerchLabs
## Online Only Merchandise Agreement

| | |
|---|---|
| MerchLabs Percentage | 30% (Net Profit*) |
| Partner Percentage | 70% (Net Profit*) |

*Minus credit card fees

This Agreement is between MerchLabs and **OTSS CORP**, starting on **June 13, 2019** to ___/___/2019. This Agreement shall automatically renew at the conclusion of the Term for a one (1) month period, unless cancelled by either party; and shall continue to auto-renew each month.

MerchLabs agrees to:
1. Set up all products and artwork for merchandising
2. Integrate products into eCommerce platform to be able to be purchased online
3. Produce products and facilitate order fulfillment
4. Provide shipping / handling and customer service (returns, inquiries, etc.)

Partner is recommended to promote merchandise on social media channels or other primary marketing outlets at least 2 times per campaign, or make reasonable effort to wear, show, or display products in videos and photos.

| | | | |
|---|---|---|---|
| Partner Signature | June 13, 2019 <br> Date | MerchLabs Signature | Date |

## Payment Information:

| | |
|---|---|
| **Katrina Sanchez** | ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ |
| Name / Company | Address |
| ▓▓▓▓▓▓▓ | ▓▓▓▓▓▓ |
| Phone Number | Business Tax ID or SSN |

94

 Gmail



---

## OTSS Clothing

2 messages

**SignNow** <mail@signnow.com>
Reply-To: noreply@signnow.com
To: producedbytrina@gmail.com

Thu, Jun 13, 2019 at 11:50 PM



⬛⬛⬛⬛⬛⬛ sent you the attached document **"One Month - Merchandise Agreement Form 70_30.pdf"** using SignNow.

Use SignNow on iOS, Android, and the Web.

📄 **One Month - Merchandise Agreement Form 70_30.pdf**
    74K

---

⬛⬛⬛⬛⬛⬛
⬛⬛⬛⬛⬛⬛.com>

Thu, Jun 13, 2019 at 11:51 PM

Hi Mitch,

Please see attachment

Thanks,

Trina
[Quoted text hidden]

📄 **One Month - Merchandise Agreement Form 70_30.pdf**
    74K

 Gmail 

## Payment Forms

**Nelson Kim** <nelson@merchlabs.com>                                        Tue, Oct 29, 2019 at 4:18 PM
om

Hey Trina,

This is Nelson from MerchLabs and I would love to help OTSS get set up with our payment system. I would love to get you set up in our payment system. I've attached a blank w9 and an ACH wire transfer form for direct deposit payments into your account. This will use the same routing that's on the bottom of a physical check.

Thanks!

--
Nelson Kim
Partnerships
MerchLabs.com
Merchandising Evolved™

___

**2 attachments**

 **fw9.pdf**
117K

**StackStation_ACH_EnrollmentForm[1].pdf**
444K

96

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JANE DOE, an individual,

*Plaintiff,*

v.

RUSSELL D. REDEAUX, an individual; OTSS, LLC,

a limited liability company; and DOES 1 through 10,

*Defendants.*

Case No.: _____

# EXHIBIT O

**Business Partner Communications**
**Showing Interference**
**(June 2025)**

**EXHIBIT O**

97

 Gmail



---

## Payment Forms

**Tom Gallenkamp** <tom@merchlabs.com>                                          Mon, Jun 9, 2025 at 12:42 PM

Cc: Adrien De Guzman <adrien@merchlabs.com>

Hi Trina,

Hope all is well! I can help out with this. I've attached all-time reports for apparel and masks. Do you have a paypal account we can send the funds to?

Thank you,

Tom Gallenkamp
Partnerships Director
714-376-2387
MerchLabs.com | Linkedin | @StackTom
Merchandising Evolved™

[Quoted text hidden]

---

**2 attachments**

📄 **ML x OTSS 2019-2025.pdf**
    59K

📄 **MM x OTSS 2020-2021.pdf**
    54K

 Gmail                                        

---

## Payment Forms

**Tom Gallenkamp** <tom@merchlabs.com>                    Mon, Jun 9, 2025 at 12:59 PM

Cc: Adrien De Guzman <adrien@merchlabs.com>, Isaac Espino <isaac@merchlabs.com>

Hey Trina, I'll be the main point of contact with Adrien & Isaac on here to support as Mitch and Nelson are no longer with the company.. I've attached new payment forms if you'd like to get set up in our direct deposit system.

Here's the dates for the apparel (attached).

For the masks, that website is no longer active, so I can't grab exact dates.

Best,

Tom Gallenkamp
Partnerships Director
714-376-2387
MerchLabs.com | Linkedin | @StackTom
Merchandising Evolved™

[Quoted text hidden]

---

### 3 attachments



| Order | Date ▾ | Customer |
|---|---|---|
| ML189054 |  |  |
| ML167537 | Mar 1, 2024 | Zachary Rodriguez |
| ML9653 | Jul 19, 2016 | Marcus Phanor |
| ML8059 | Jul 1, 2019 | Oscar Rios |

**Screenshot 2025-06-09 at 12.56.49 PM.png**
46K

📄 **w9 blank .pdf**
74K

📄 **StackStation_ACH_EnrollmentForm[1].pdf**
444K

99

 Gmail 

## Payment Forms

Mon, Jun 23, 2025 at 10:06 AM
To: Tom Gallenkamp <tom@merchlabs.com>
Cc: Adrien De Guzman <adrien@merchlabs.com>, Isaac Espino <isaac@merchlabs.com>

Hello Tom,

Hope you had a great weekend! Why is the OTSS store removed from site, it was just working. Please advise and thank you!

-Trina
[Quoted text hidden]

 Gmail



## Payment Forms

**Tom Gallenkamp** <tom@merchlabs.com>                                                    Mon, Jun 23, 2025 at 10:42 AM

Cc: Adrien De Guzman <adrien@merchlabs.com>, Isaac Espino <isaac@merchlabs.com>

Hi Trina, Russ asked me to take it down for now so we can rework it with the new branding and items from your newer, existing shop.

Best,

Tom Gallenkamp
Partnerships Director
714-376-2387
MerchLabs.com | Linkedin | @StackTom
Merchandising Evolved™

[Quoted text hidden]

 Gmail    

---

## Payment Forms

_____ <Gmail.com>                                    Mon, Jun 23, 2025 at 12:01 PM
To: Tom Gallenkamp <tom@merchlabs.com>
Cc: Adrien De Guzman <adrien@merchlabs.com>, Isaac Espino <isaac@merchlabs.com>

Hi Tom,

Sorry for the confusion but Russell was never involved with this business agreement I made with Merch Labs. I attached our agreement that established with Mitch back in 2019.

Please kindly restore the site back up, handle all communications regarding this brand solely with me because Russell does not have any authority over my brand.

If you have any communication from him to take my site down, please forward to me.

As stated in my previous email, I been trying to reach Mitch for a long while now to update the designs.

Thanks for your cooperation,

Trina
[Quoted text hidden]

---

**2 attachments**

**IMG_3568.png**
126K

**One Month - Merchandise Agreement Form 70_30.pdf**
74K

102

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JANE DOE, an individual,

*Plaintiff,*

v.

RUSSELL D. REDEAUX, an individual; OTSS, LLC,

a limited liability company; and DOES 1 through 10,

*Defendants.*

Case No.: _____

# EXHIBIT P

**Documentation of Lost Business Platform
and Relationship Disruption**

**EXHIBIT P**

*103*

https://**merchlabs.com**/search?q=otss&options%5Bprefix%5D=last

Collabs    Shop    About    Contact    Create         **MERCHLABS**         Q    A

otss                                                                    Q

**No results found for "otss". Check the spelling or rephrase your query.**

Menu                    Social media              Join the VIP list - Free!

Size Chart              Follow MerchLabs          Join our mailing list for special offers,
                                                  early access, and more!

INTC
+6.82%              Q  Search

9:32 AM
6/24/2025

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JANE DOE, an individual,

*Plaintiff,*

v.

RUSSELL D. REDEAUX, an individual; OTSS, LLC,

a limited liability company; and DOES 1 through 10,

*Defendants.*

Case No.: _____

# EXHIBIT Q

**Formal Demand Notice to MerchLabs**
**(July 15, 2025)**

**EXHIBIT Q**

1 °5

 Gmail



---

## FINAL Notice of Business Interference and Breach of Partnership

---

Tue, Jul 15, 2025 at 2:45 PM

To: Tom Gallenkamp <tom@merchlabs.com>
Cc: Adrien De Guzman <adrien@merchlabs.com>, Isaac Espino <isaac@merchlabs.com>, Mitchell Park <mitch@merchlabs.com>

# *CONFIDENTIALITY NOTICE*

**TO:** Merch Labs Customer Service, Legal Department, and Management
**FROM:**
**DATE:** 7/15/25
**RE:** URGENT - Unlawful Business Interference, Merch Line Suspension and Breach of Partnership Agreement
**DELIVERY:** Email

This serves as FINAL NOTICE that Merch Labs' suspension of my "OTSS- Only The Strong Survive" merchandise line constitutes:

1. **Tortious interference** with existing business relationships
2. **Breach of our partnership agreement**
3. **Possible Participation in trademark fraud scheme**

I have sent 2 emails asking why did you guys allow Russell to take the site down and I had asked to reinstate it because we have an agreement but unfortunately I haven't received any responses and the site is still down as of 7/15/25. I assume Russell is telling you guys not to respond to me and that is unfair because I am not in business with Russell and my clothing idea was stolen from me. I don't know why he will contact you guys in the middle of our dispute but I know that since Merch Labs continues to ignore me, I have to put you guys on notice.

### UNDISPUTED FACTS

My Rights:

- **July 3, 2019**: First commercial sale of "OTSS- Only The Strong Survive" merchandise through our partnership
- **June 13, 2019**: I signed a partnership agreement with Mitch under my name for my son Deshonne Redeaux, Russell was not a partner. (see attached agreement)
- **June 14, 2017** I signed a partnership broker agreement with Mitch under my name and company Izma Entertainment but was introduced by Russell only, Russell was not a partner. (see attached template agreement, I brought the executed hardcopy in person to Mitch)
- **Continuous use** of www.otssclothing.com for 6+ years (2019-2025)
- **Valid partnership agreement** with Merch Labs for merchandise production and sales
- **Established customer base** and business relationships

Legal Status:

- **Russell's USPTO application is fraudulent** - filed "intent-to-use" while already using mark
- **I am the senior user** with superior trademark rights (2019 vs. 2022)
- **Federal litigation pending** to stop Russell's trademark theft

### MERCH LABS' WRONGFUL CONDUCT

### Business Interference:

You have **unlawfully interfered** with my established business by:

$106$

- Suspending merchandise line based on fraudulent claims
- Refusing to investigate validity of competing claims
- Accepting Russell's false ownership assertions without due diligence
- Causing loss of sales and damage to business reputation

## Breach of Partnership:

Your actions **violate our partnership agreement** by:

- Suspending account without proper justification
- Failing to honor our ongoing business relationship
- Refusing to communicate regarding resolution

### DEMAND FOR IMMEDIATE ACTION

### I HEREBY DEMAND:

1. **Immediate reinstatement** of my "OTSS Only The Strong Survive" merchandise line
2. **Full restoration** of all partnership privileges and account access
3. **Written acknowledgment** that suspension was improper
4. **Compensation** for lost sales during unlawful suspension period

**DEADLINE:** 10 business days from receipt of this notice

### CONSEQUENCES OF NON-COMPLIANCE

If Merch Labs fails to respond within the specified deadline:

1. **You will be included** as a necessary party in federal trademark litigation
2. **Claims will be filed** for:
   - Tortious interference with business relationships
   - Breach of contract
   - Participation in fraudulent scheme
   - Lost profits and business damages
3. **Discovery will be sought** regarding your policies and decision-making process
4. **Injunctive relief** will be requested to compel reinstatement

### PRESERVATION OF EVIDENCE

**YOU ARE HEREBY NOTIFIED** to preserve all documents, communications, and records relating to:

- My "OTSS- Only The Strong Survive" merchandise line
- Russell D. Redeaux's claims and communications
- Your decision to suspend my account
- All Merchlabs policies regarding trademark dispute resolution

# CONTACT INFORMATION

**Immediate response required to:**

P.O BOX 1679 #4062
SACRAMENTO, CA 95812

This notice is sent in good faith to resolve this matter without litigation. However, I am prepared to pursue all available legal remedies to protect my trademark rights and business interests.

Time is of the essence and I hope Merchlabs can cooperate with me. Respond to confirm receipt of this email immediately. I ask that this email be confidential.

**Respectfully,**

107

**Trina Sanchez**
**Owner, OTSS-Only The Strong Survive Brand**

---

**2 attachments**

**ML Online Agreement Form - IZMA Ent.pdf**
140K

**One Month - Merchandise Agreement Form 70_30 (2).pdf**
74K

) o$

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JANE DOE, an individual,

*Plaintiff,*

v.

RUSSELL D. REDEAUX, an individual; OTSS, LLC,

a limited liability company; and DOES 1 through 10,

*Defendants.*

Case No.: _____

# EXHIBIT R

**Russell's May 2022 Email Chain**
**Demonstrating Prior Use Before**
**USPTO Filing**

**EXHIBIT R**

 Gmail 

## Re: Deshonne x OTSS Social Media Content Strategy

**Russ Redeaux** <russ@stampedemgmt.com>                                    Tue, May 31, 2022 at 6:18 PM
To: Marcus Majors <Marcus@majorsmanagementgroup.com>
Cc: Double R <russ@stampxgroup.com>, Kathy Morales <kathy@majorsmanagementgroup.com>, dtharuler

What's up Marcus

Let's definitely move forward on this. My only note that the 2 Hero videos be based on our approval on creative and also
include 4 cutdowns to each hero video so a total of

Monthly Content Strategy
2 Hero videos
4 cut downs

Can you also define media kit?

+ my brand partnerships agency email. I'll pick these conversations up there and take Stampede off copy

On Tue, May 31, 2022 at 5:25 PM Marcus Majors <marcus@majorsmanagementgroup.com> wrote:
Hey Russ,

Thanks again for reaching out about ▓▓▓▓ and his brand OTSS. Big congrats to both you & Dee and all the
success around his football career. I think it's super smart and timely to start building Deshonne's brand on social
media. Having a strong media presence combined with his football talents will be a win-win!

I had a talk with my team and we could help with your plans around an effective social media content strategy. We have
attached a short creative one sheet with some brand references and links. Please see the plan below:

### ▓▓▓▓ x OTSS Social Media Content Strategy

**Socials:**
Brand: @otss_thebrand
Talent: ▓▓▓▓

### TASK - CONTENT CREATION/SOCIAL MEDIA STRATEGY:
Majors Management Group can help:

- Outline Social Media Strategy Tailored to Deshonne & OTSS
- Create a social media content calendar
- Create video content such as IG Reels/TikToks/Youtube clips/Commercials
- Capture Professional Images
- Create Media Kit

### ESTIMATED BUDGET COST OF PROJECT:
Majors Management Group's internal labor cost will be **$1500 this will include**

- Media Kit
- 2x High-Quality 4k Videos per month
- 2x Photo Shoots per month

--

--
Russell Redeaux

110

Marcus Majors

Co Founder | Senior Partner
Chief of Development



**Marcus Majors**
CEO - Founder
Majors Management Group, LLC

📞 (757)576-2787
✉ Marcus@majorsmanagementgroup.com
🌐 www.majorsmanagementgroup.com



CONTACT ME

VISIT OUR WEBSITE

  



STAMPEDE
MANAGEMENT

|11

 **Gmail**

**dtharuler** ██████████████████

---

## Re: ███████ x OTSS Social Media Content Strategy

---

**Russell Redeaux** <russ@stampxgroup.com>                                    Tue, May 31, 2022 at 9:30 PM
To: Marcus Majors <Marcus@majorsmanagementgroup.com>
Cc: Kathy Morales <kathy@majorsmanagementgroup.com>, dtharuler ██████████████@gmail.com>

Sounds good, I just put an order for more OTSS gear should have next week.

I would like to shoot clean white back drop studio images with models and shoot hero promo video for the brand that features ████████ I'll take care of models outside of your budget. Let's schedule once we receive clothes

[Quoted text hidden]

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JANE DOE, an individual,

*Plaintiff,*

v.

RUSSELL D. REDEAUX, an individual; OTSS, LLC,

a limited liability company; and DOES 1 through 10,

*Defendants.*

Case No.: _____

# EXHIBIT S

**Cease and Desist Letter to**
**Defendant Russell and**
**Defendant Girlfriend**
**Ariel K. Tinsley-Regusters**
**(July 9, 2024)**

**EXHIBIT S**

/13

36

## PARKER · STANBURY LLP

ATTORNEYS AT LAW
**444 SOUTH FLOWER STREET**
**NINETEENTH FLOOR**
**LOS ANGELES, CA 90071-2901**
TELEPHONE (213) 622-5124
FAX (213) 622-4858
E-MAIL: LA@PARKSTAN.COM

DOUGLASS H. MORI
JOHN D. BARRETT, JR. *
J. LUIS GARCIA †
DAVID E. COWAN
GEORGE A. HUNLOCK
RICARDO A. MERCADO
MATTHEW W. DAVIS
REYNALDO C. SANTOS
B. PETER LEE
MARCUS BASTIDA
ROSEMARIE MERRILL
DAVID C. LANE
MATHEW L. MAY
ALEX L. SHIA
GLENN M. HABAS

GEORGANN CARMAN
JAMES L. WOLFSEN
KELLY A. SHERIDAN
HANS W. CHEN
AARON U. FREEMAN
GREGORY T. FONG
JOSEPH R. SERPICO
ROCCO A. PAPALIA
MELANIE M. BUTLER
CLAUDIA M. PALENCIA
KRISTOFFER M. GARRISON
SUZANNE K. GOLDEN
IAN G. STERLING
MICHAEL COMPTON
ELIZABETH SOUTHERLAND

CARL H. STARRETT II
SHARIE ZAHAB
ALEXIS MOORE
LINDA IRELAND
M. JOLEENE FLORES
BRIDGET ESQUIBIAS
TAYLOR FOLAND

OF COUNSEL:

SANAM NAVAB
BRADLEY J. SPARKS
MICHAEL SALANICK
MEGAN E. GALLAGHER
MARYAM ABRISHAMCAR

LARS F. KUSHNER
PATRICIA MILLER
WILLIAM HOPKINS
KYLE C. BENKIE
SALPY KABAKLIAN-SLENTZ
FELIX P. MONTERO
LINDA H. MUCHAMEL
LAURIE HOWELL
ANTHONY F. SGHERZII

* ASSOCIATE IN AMERICAN BOARD OF TRIAL ADVOCATES
† MEMBER OF AMERICAN BOARD OF TRIAL ADVOCATES

HARRY D. PARKER (1891-1976)
RAYMOND G. STANBURY (1904-1966)

July 9, 2024

Russell Redeaux
3176 Casino Drive
Thousand Oaks, CA 91362

Dear Mr. Redeaux:                    Re: ▬▬▬▬▬▬▬▬
                                     "ONLY THE STRONG SURVIVE"
                                     Our File No.: CA1-27W-EM7

Please be advised that Katrina Sanchez has consulted with our law offices regarding your bad-faith registration of the above-referenced trademark (USPTO Ser. No. 97549083).

Ms. Sanchez informs us that you had actual knowledge of her prior use in commerce (since 2019 for a clothing brand, and since 2016 for a community program) to the name "ONLY THE STRONG SURVIVE" when you applied with the USPTO.

Your actions constitute trademark infringement, unfair business practices and a violation of the Lanham Act. The remedies available to Ms. Sanchez include compensation for damages, statutory penalties and reimbursement of her legal fees.

Accordingly, we hereby demand that you withdraw your pending trademark application and that you refrain from any use of her mark, "ONLY THE STRONG SURVIVE".

Please send written confirmation that you will abide by the foregoing demand within ten business days as of the date of this letter. Said confirmation should be sent to the undersigned referencing our file number (CA1-27W-EM7).

# PARKER · STANBURY LLP

DOUGLASS H. MORI
JOHN D. BARRETT, JR. *
J. LUIS GARCIA †
DAVID E. COWAN
GEORGE A. HUNLOCK
RICARDO A. MERCADO
MATTHEW W. DAVIS
REYNALDO C. SANTOS
B. PETER LEE
MARCUS BASTIDA
ROSEMARIE MERRILL
DAVID C. LANE
MATHEW L. MAY
ALEX L. SHIA
GLENN M. HABAS

GEORGANN CARMAN
JAMES L. WOLFSEN
KELLY A. SHERIDAN
HANS W. CHEN
AARON U. FREEMAN
GREGORY T. FONG
JOSEPH R. SERPICO
ROCCO A. PAPALIA
MELANIE M. BUTLER
CLAUDIA M. PALENCIA
KRISTOFFER M. GARRISON
SUZANNE K. GOLDEN
IAN G. STERLING
MICHAEL COMPTON
ELIZABETH SOUTHERLAND

**ATTORNEYS AT LAW**
**444 SOUTH FLOWER STREET**
**NINETEENTH FLOOR**
**LOS ANGELES, CA 90071-2901**
TELEPHONE (213) 622-5124
FAX (213) 622-4858
E-MAIL: LA@PARKSTAN.COM

CARL H. STARRETT II
SHARIE ZAHAB
ALEXIS MOORE
LINDA IRELAND
M. JOLEENE FLORES
BRIDGET ESQUIBIAS
TAYLOR FOLAND

*OF COUNSEL:*

*SANAM NAVAB*
*BRADLEY J. SPARKS*
*MICHAEL SALANICK*
*MEGAN E. GALLAGHER*
*MARYAM ABRISHAMCAR*

*LARS F. KUSHNER*
*PATRICIA MILLER*
*WILLIAM HOPKINS*
*KYLE C. BENKIE*
*SALPY KABAKLIAN-SLENTZ*
*FELIX P. MONTERO*
*LINDA H. MUCHAMEL*
*LAURIE HOWELL*
*ANTHONY F. SGHERZII*

\* ASSOCIATE IN AMERICAN BOARD OF TRIAL ADVOCATES
† MEMBER OF AMERICAN BOARD OF TRIAL ADVOCATES

HARRY D. PARKER (1891-1976)
RAYMOND G. STANBURY (1904-1966)

July 11, 2024

Ariel K. Tinsey-Regusters
4920 Van Nuys Blvd., #213
Sherman Oaks, CA 91403

Dear Ms. Tinsey-Regusters:                Re: ████████ ███ ███████

"OTSS" & "ONLY THE STRONG SURVIVE"
Our File No.: CA1-WV7-NCC

Please be advised that Katrina Sanchez has consulted with our law offices regarding your
unauthorized use of the above-referenced trademarks.

Ms. Sanchez informs us that she is the prior user in commerce (since 2019 for a clothing brand,
and since 2016 for a community program) to the names "OTSS" and "ONLY THE STRONG
SURVIVE".

Ms. Sanchez further informs us that you have been using the name in commerce at events and on
social media.

Your actions constitute trademark infringement, unfair business practices and a violation of the
Lanham Act. The remedies available to Ms. Sanchez include compensation for damages,
statutory penalties and reimbursement of her legal fees.

Accordingly, we hereby demand that you refrain from any use of her mark, "ONLY THE
STRONG SURVIVE".

Please send written confirmation that you will abide by the foregoing demand within ten
business days as of the date of this letter. Said confirmation should be sent to the undersigned
referencing our file number (CA1-WV7-NCC).

July 11, 2024
Page 2

In the event that you fail to abide by the foregoing demand within the time-frame specified, Ms.
Sanchez has indicated the intent on pursuing any and all legal remedies available in this matter.

Thank you for your anticipated cooperation.

Very truly yours,

PARKER · STANBURY LLP

By
MARCUS BASTIDA

cc: Katrina Sanchez

116

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JANE DOE, an individual,

*Plaintiff,*

v.

RUSSELL D. REDEAUX, an individual; OTSS, LLC,

a limited liability company; and DOES 1 through 10,

*Defendants.*

Case No.: _____

# EXHIBIT T

**MerchLabs Improper Termination Notice**
**(July 2025)**

**EXHIBIT T**

117

 Gmail 

## FINAL Notice of Business Interference and Breach of Partnership

**Tom Gallenkamp** <tom@merchlabs.com>                               **Mon, Jul 28, 2025 at 3:12 PM**

Cc: Natasha Alimboyogen <assistant@merchlabs.com>

Dear Trina,

This email serves as formal notice that MerchLabs is exercising its right to cancel the merchandise agreement entered into on June 13, 2019, related to the "OTSS CORP" merchandise line. Per the agreement, this termination is effective immediately and concludes our participation in the merchandising of "OTSS CORP" products.

Thank you for your past partnership.

Sincerely,

Tom Gallenkamp
Partnerships Director
714-376-2387
MerchLabs.com | Linkedin | @StackTom
Merchandising Evolved™

[Quoted text hidden]

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JANE DOE, an individual,

*Plaintiff,*

v.

RUSSELL D. REDEAUX, an individual; OTSS, LLC,

a limited liability company; and DOES 1 through 10,

*Defendants.*

Case No.: _____

# EXHIBIT U

**Russell's Website Screenshots**
**Showing Unauthorized Use of Son's Image**
**with OTSS Mark**

**EXHIBIT U**

119

ve.net/pages/about

THING      CONTACT



ACC



 Search              

WWW. only the strong survivela . net

/20



rrstampx Survival of the fittest...Let the
games begin @d1.thagreat @otss_thebrand

December 24, 2021

/2/

 10:36

 5G



RUSSELL REDEAUX ARE GROWING OTSS

**Only The Strong Survive (@otss_thebrand)** · Instagram photos and videos

Images may be subject to copyright. Learn More

Visit >

⬆ Share          🔖 Save



Only The Strong Survive (@otss... Instagram



Only The Strong Survive (@otss... Instagram



Only The Strong Survive (@otss... Instagram



Only The Strong Survive (@otss... Instagram



Only The Strong Survive (@otss... Instagram



Only The Strong Survive (@otss... Instagram



Only The Strong Survive (@otss...

State of the Game: Top Class Athletes



ethikamu

AA   🔒 Q otss clothing russell   🎤

<          

otssthebrand.com
https://otssthebrand.com › pages › about

## About Us – OTSS

Only The Strong Survive is a brand that stands on the principles of hard work, pushing through obstacles, presenting your best self and living in your purpose. Apparel brand is Created, ...

123

lythestrongsurvive.net/collections/all?page=2

CLOTHING    CONTACT    ACCOUNT    SE

1250



ONLY THE STRONG
SURVIVE LOGO
WHITE JOGGER
SWEATPANTS

$60.00

ONLY THE STRONG
SURVIVE PILLOW

$25.00

ONLY THE STRONG
SURVIVE RESPECT
THE WEST HOODIE

$35.00

OI
SU

124

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JANE DOE, an individual,

*Plaintiff,*

v.

RUSSELL D. REDEAUX, an individual; OTSS, LLC,

a limited liability company; and DOES 1 through 10,

*Defendants.*

Case No.: _____

# EXHIBIT V

**Side-by-Side Comparison of Plaintiff's
and RUSSELL's Identical Logos
and Website Catalogs**

**EXHIBIT V**

125



Plaintiff's OTSS Logo

Defendant's Only The Strong Survive Logo

Exhibit V







127



Plaintiff

128

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JANE DOE, an individual,
*Plaintiff,*

v.

RUSSELL D. REDEAUX, an individual; OTSS, LLC,
a limited liability company; and DOES 1 through 10,
*Defendants.*

Case No.: _____

# EXHIBIT W1

**Federal Trademark Registration**
**Certificate No. 7,896,507**
**for OTSS in Class 025**
**(Issued August 13, 2025)**

**EXHIBIT W1**

139

For assistance with TSDR, email **teas@uspto.gov** and include your serial number, the document you are looking for, and a screenshot of any error messages you have received.

STATUS    DOCUMENTS    MAINTENANCE                              **Back to Search**        Print

|  |  |
|---|---|
| **Generated on:** | This page was generated by TSDR on 2025-11-30 19:22:17 EST |
| **Mark:** | OTSS |

# OTSS

|  |  |  |  |
|---|---|---|---|
| **US Serial Number:** | 98499296 | **Application Filing Date:** | Apr. 14, 2024 |
| **US Registration Number:** | 7896507 | **Registration Date:** | Aug. 19, 2025 |
| **Filed as TEAS Plus:** | Yes | **Currently TEAS Plus:** | Yes |
| *Register:* | *Principal* | | |
| **Mark Type:** | Trademark | | |

**TM5 Common Status Descriptor:**



LIVE/REGISTRATION/Issued and Active

The trademark application has been registered with the Office.

|  |  |
|---|---|
| **Status:** | Registered. The registration date is used to determine when post-registration maintenance documents are due. |
| **Status Date:** | Aug. 19, 2025 |
| **Publication Date:** | Dec. 10, 2024 |

**Mark Information**

**Related Properties Information**

**Goods and Services**

**Basis Information (Case Level)**

**Current Owner(s) Information**

**Attorney/Correspondence Information**

**Prosecution History**

**TM Staff and Location Information**

**Assignment Abstract Of Title Information - Click to Load**

**Proceedings - Click to Load**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JANE DOE, an individual,

*Plaintiff,*

v.

RUSSELL D. REDEAUX, an individual; OTSS, LLC,

a limited liability company; and DOES 1 through 10,

*Defendants.*

Case No.: _____

# EXHIBIT W2

**Federal Trademark Registration**
**Certificate No. 7,980,574**
**for ONLY THE STRONG SURVIVE FOUNDATION**
**in Class 036**
**(Issued October 14, 2025)**

**EXHIBIT W2**

/3/

For assistance with TSDR, email **teas@uspto.gov** and include your serial number, the document you are looking for, and a screenshot of any error messages you have received.

STATUS        DOCUMENTS        MAINTENANCE                                                    **Back to Search**            Print

**Generated on:** This page was generated by TSDR on 2025-11-30 19:19:14 EST

**Mark:** ONLY THE STRONG SURVIVE FOUNDATION

ONLY THE STRONG SURVIVE<br>FOUNDATION

**US Serial Number:** 98577766                                          **Application Filing Date:** May 31, 2024

**US Registration Number:** 7980574                                          **Registration Date:** Oct. 14, 2025

**Filed as TEAS Plus:** Yes                                          **Currently TEAS Plus:** Yes

**Register:** Principal

**Mark Type:** Service Mark

**TM5 Common Status**
**Descriptor:**



LIVE/REGISTRATION/Issued and Active

The trademark application has been registered with the Office.

**Status:** Registered. The registration date is used to determine when post-registration maintenance documents are due.

**Status Date:** Oct. 14, 2025

**Publication Date:** Aug. 26, 2025

## Mark Information

## Goods and Services

Note:

The following symbols indicate that the registrant/owner has amended the goods/services:

- Brackets [..] indicate deleted goods/services;
- Double parenthesis ((..)) identify any goods/services not claimed in a Section 15 affidavit of incontestability; and
- Asterisks *..* identify additional (new) wording in the goods/services.

**For:** Charitable fundraising services; Charitable foundation services, namely, providing financial assistance for the programs and services of others to support artists and entertainers aged 18-30; Charitable fundraising services by means of organizing and conducting special events; Charitable fundraising services, namely, providing financial assistance for the programs and services of others to support artists, athletes, and entertainers; Charitable fundraising services by means of a website where donors search for and make monetary donations to specific charities and projects; Charitable fundraising services by means of raising funds for college education costs; Charitable fundraising services, namely, providing financial assistance for the programs and services of others; Charitable fundraising services by means of selling goods to raise funds for the programs and services of others

**International Class(es):** 036 - Primary Class                          **U.S Class(es):** 100, 101, 102

**Class Status:** ACTIVE

**First Use:** Nov. 01, 2018                          **Use in Commerce:** Jan. 01, 2019

## Basis Information (Case Level)

## Current Owner(s) Information

## Attorney/Correspondence Information

## Prosecution History

## TM Staff and Location Information

## Assignment Abstract Of Title Information - Click to Load

/32

# United States of America
### United States Patent and Trademark Office

## ONLY THE STRONG SURVIVE
## FOUNDATION

**Reg. No. 7,980,574**

**Registered Oct. 14, 2025**

**Int. Cl.: 36**

**Service Mark**

**Principal Register**

~~~~~~~~~~~~~~~~~~~~ (UNITED STATES INDIVIDUAL)
P.O BOX 1679 #4062
SACRAMENTO, CALIFORNIA 95812

CLASS 36: Charitable fundraising services; Charitable foundation services, namely, providing financial assistance for the programs and services of others to support artists and entertainers aged 18-30; Charitable fundraising services by means of organizing and conducting special events; Charitable fundraising services, namely, providing financial assistance for the programs and services of others to support artists, athletes, and entertainers; Charitable fundraising services by means of a website where donors search for and make monetary donations to specific charities and projects; Charitable fundraising services by means of raising funds for college education costs; Charitable fundraising services, namely, providing financial assistance for the programs and services of others; Charitable fundraising services by means of selling goods to raise funds for the programs and services of others

FIRST USE 11-1-2018; IN COMMERCE 1-1-2019

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT STYLE, SIZE OR COLOR

No claim is made to the exclusive right to use the following apart from the mark as shown: "FOUNDATION"

SER. NO. 98-577,766, FILED 05-31-2024



DIRECTOR OF THE UNITED STATES
PATENT AND TRADEMARK OFFICE



132-A

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JANE DOE, an individual,

*Plaintiff,*

v.

RUSSELL D. REDEAUX, an individual; OTSS, LLC,

a limited liability company; and DOES 1 through 10,

*Defendants.*

Case No.: _____

# EXHIBIT X

**Defendant's Statement of Use**
**for Application Serial No. 97549083**
**(Filed November 28, 2025)**
**showing claimed first use June 14, 2023**
**and first use in commerce July 4, 2024**

**EXHIBIT X**

133

FTO- 1553
Approved for use through 04/30/2027, OMB 0651-0054
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number

# Trademark/Service Mark Statement of Use
## (15 U.S.C. Section 1051(d))

**The table below presents the data as entered.**

| Input Field | Entered |
|---|---|
| **SERIAL NUMBER** | 97549083 |
| **EXTENSION OF USE** | NO |
| **MARK SECTION** | |
| **MARK FILE NAME** | https://tmng-al.uspto.gov/resting2/api/img/97549083/large |
| **LITERAL ELEMENT** | ONLY THE STRONG SURVIVE |
| **STANDARD CHARACTERS** | NO |
| **USPTO-GENERATED IMAGE** | NO |
| **OWNER SECTION** | |
| **NAME** | OTSS LLC |
| **MAILING ADDRESS** | 3176 Casino Dr. |
| **CITY** | Thousand Oaks |
| **STATE** | California |
| **ZIP/POSTAL CODE** | 91362 |
| **STATE/COUNTRY/REGION/JURISDICTION/U.S. TERRITORY** | United States |
| **EMAIL** | XXXX |
| **CORRESPONDENCE INFORMATION** | |
| **NAME** | JESSANY E GARRETT |
| **PRIMARY EMAIL ADDRESS FOR CORRESPONDENCE** | jessany@plummerlawgroup.com |
| **SECONDARY EMAIL ADDRESS(ES) (COURTESY COPIES)** | NOT PROVIDED |
| **GOODS AND/OR SERVICES SECTION** | |
| **INTERNATIONAL CLASS** | 018 |
| **CURRENT IDENTIFICATION** | All-purpose carrying travel bags; duffle bags; gym bags; backpacks |
| **GOODS OR SERVICES** | KEEP ALL LISTED |
| **FIRST USE ANYWHERE DATE** | 04/29/2025 |
| **FIRST USE IN COMMERCE DATE** | 04/29/2025 |
| **SPECIMEN FILE NAME(S)** | |
| **ORIGINAL PDF FILE** | SPN0-2605a601909a1c0013b2_8e70b36874-20251128150625145185_._Only_the_Strong_Survive_Backpack___Only_The_Strong_Survive.pdf |

/34

| | |
|---|---|
| **CONVERTED PDF FILE(S)** (4 pages) | \\TICRS\EXPORT18\IMAGEOUT 18\975\490\97549083\xml9\ SOU0002.JPG |
| | \\TICRS\EXPORT18\IMAGEOUT 18\975\490\97549083\xml9\ SOU0003.JPG |
| | \\TICRS\EXPORT18\IMAGEOUT 18\975\490\97549083\xml9\ SOU0004.JPG |
| | \\TICRS\EXPORT18\IMAGEOUT 18\975\490\97549083\xml9\ SOU0005.JPG |
| **SPECIMEN DESCRIPTION** | Webpage bearing mark in connection with sale of identified goods |
| **WEBPAGE URL** | None Provided |
| **WEBPAGE DATE OF ACCESS** | None Provided |
| **INTERNATIONAL CLASS** | 024 |
| **CURRENT IDENTIFICATION** | Towels; bed sheets; pillowcases; comforters; bed blankets; bed skirts; bed blankets, namely, throw blankets |
| **GOODS OR SERVICES** | KEEP ALL LISTED |
| **FIRST USE ANYWHERE DATE** | 04/29/2025 |
| **FIRST USE IN COMMERCE DATE** | 04/29/2025 |
| **SPECIMEN FILE NAME(S)** | |
| **ORIGINAL PDF FILE** | SPN1-2605a601909a1c0013b2 8e70b36874-20251128150625 145185 _ Only the Strong Survive Towel  Only The Strong Survive.pdf |
| **CONVERTED PDF FILE(S)** (4 pages) | \\TICRS\EXPORT18\IMAGEOUT 18\975\490\97549083\xml9\ SOU0006.JPG |
| | \\TICRS\EXPORT18\IMAGEOUT 18\975\490\97549083\xml9\ SOU0007.JPG |
| | \\TICRS\EXPORT18\IMAGEOUT 18\975\490\97549083\xml9\ SOU0008.JPG |
| | \\TICRS\EXPORT18\IMAGEOUT 18\975\490\97549083\xml9\ SOU0009.JPG |
| **SPECIMEN DESCRIPTION** | Webpage bearing mark in connection with sale of identified goods |
| **WEBPAGE URL** | None Provided |
| **WEBPAGE DATE OF ACCESS** | None Provided |
| **INTERNATIONAL CLASS** | 025 |
| **CURRENT IDENTIFICATION** | Clothing, namely, tops, bottoms, shirts, sweatpants, socks, sweaters, sweat-wicking shirts, sweat-wicking pants, tank tops, sports bras, leggings, men's underwear, women's underwear, yoga pants, jumpsuits, slides being footwear, bike shorts, sweat shorts, and basketball shorts; sweatshirts; t-shirts; socks; outerwear clothing, namely, beanies, bucket hats, trucker hats, fitted baseball hats, gloves, letterman jackets, bomber jackets, and yoga jackets; hats; footwear |
| **GOODS OR SERVICES** | KEEP ALL LISTED |
| **FIRST USE ANYWHERE DATE** | 06/14/2023 |
| **FIRST USE IN COMMERCE DATE** | 07/04/2024 |
| **SPECIMEN FILE NAME(S)** | |



| | |
|---|---|
| **ORIGINAL PDF FILE** | SPN2-2605a601909a1c0013b2 8e70b36874-20251128150625 145185 . Strong_Survive_G reatness_Grows_Tee___Only_ _The_Strong_Survive.pdf |
| **CONVERTED PDF FILE(S)**<br>**(4 pages)** | \\TICRS\EXPORT18\IMAGEOUT 18\975\490\97549083\xml9\ SOU0010.JPG |
| | \\TICRS\EXPORT18\IMAGEOUT 18\975\490\97549083\xml9\ SOU0011.JPG |
| | \\TICRS\EXPORT18\IMAGEOUT 18\975\490\97549083\xml9\ SOU0012.JPG |
| | \\TICRS\EXPORT18\IMAGEOUT 18\975\490\97549083\xml9\ SOU0013.JPG |
| **SPECIMEN DESCRIPTION** | Webpage bearing mark in connection with sale of identified goods |
| **WEBPAGE URL** | None Provided |
| **WEBPAGE DATE OF ACCESS** | None Provided |
| **REQUEST TO DIVIDE** | NO |
| **PAYMENT SECTION** | |
| **NUMBER OF CLASSES IN USE** | 3 |
| **SUBTOTAL AMOUNT [ALLEGATION OF USE FEE]** | 450 |
| **TOTAL AMOUNT** | 450 |
| **SIGNATURE SECTION** | |
| **DECLARATION SIGNATURE** | /JEG/ |
| **SIGNATORY'S NAME** | Jessany Garrett |
| **SIGNATORY'S POSITION** | Attorney of record |
| **DATE SIGNED** | 11/28/2025 |
| **SIGNATORY'S PHONE NUMBER** | 818-660-5072 |
| **SIGNATURE METHOD** | Signed directly within the form |
| **FILING INFORMATION** | |
| **SUBMIT DATE** | Fri Nov 28 15:40:51 ET 2025 |
| **TEAS STAMP** | USPTO/SOU-XXXX:XXXX:XXXX: XXXX:XXX:XXX:XXXX:XXXX-20 251128154052707794-975490 83-910b98b486deefaecd606f 7e9a47338f275b50a6661fdbe 09d7db91771b5a858dd-CC-40 519402-202511281506251451 85 |

/36

PTO- 1553
Approved for use through 04/30/2027. OMB 0651-0054
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

## Trademark/Service Mark Statement of Use
## (15 U.S.C. Section 1051(d))

To the Commissioner for Trademarks:
**MARK:** ONLY THE STRONG SURVIVE (Stylized and/or with Design, see mark)
**SERIAL NUMBER:** 97549083

## OWNER AND/OR ENTITY INFORMATION
**The owner proposes to amend the following:**
OTSS LLC, having an address of
   3176 Casino Dr.
   Thousand Oaks, California 91362
   United States
   Email: XXXX

The owner is submitting the following allegation of use information:

For International Class 018:
Current identification: All-purpose carrying travel bags; duffle bags; gym bags; backpacks

The mark is in use in commerce on or in connection with all of the goods/services, or to indicate membership in the collective organization listed in the application or Notice of Allowance or as subsequently modified for this specific class.

The mark was first used by the applicant, or the applicant's related company, licensee, or predecessor in interest at least as early as 04/29/2025, and first used in commerce at least as early as 04/29/2025, and is now in use in such commerce. The applicant is submitting one specimen for the class showing the mark as used in commerce on or in connection with any item in the class, consisting of a(n) Webpage bearing mark in connection with sale of identified goods.

**Original PDF file:**
SPN0-2605a601909a1c0013b2 8e70b36874-20251128150625 145185 _. Only_the_Strong_Survive_Backpack___Only_T
he_Strong_Survive.pdf
**Converted PDF file(s)** (4 pages)
Specimen File1
Specimen File2
Specimen File3
Specimen File4

Webpage URL: None Provided
Webpage Date of Access: None Provided

For International Class 024:
Current identification: Towels; bed sheets; pillowcases; comforters; bed blankets; bed skirts; bed blankets, namely, throw blankets

The mark is in use in commerce on or in connection with all of the goods/services, or to indicate membership in the collective organization listed in the application or Notice of Allowance or as subsequently modified for this specific class.

The mark was first used by the applicant, or the applicant's related company, licensee, or predecessor in interest at least as early as 04/29/2025, and first used in commerce at least as early as 04/29/2025, and is now in use in such commerce. The applicant is submitting one specimen for the class showing the mark as used in commerce on or in connection with any item in the class, consisting of a(n) Webpage bearing mark in connection with sale of identified goods.

**Original PDF file:**
SPN1-2605a601909a1c0013b2 8e70b36874-20251128150625 145185 _. Only_the_Strong_Survive_Towel___Only_The_Strong_Survive.pdf
**Converted PDF file(s)** (4 pages)

*137*

Specimen File1
Specimen File2
Specimen File3
Specimen File4

Webpage URL: None Provided
Webpage Date of Access: None Provided

For International Class 025:

Current identification: Clothing, namely, tops, bottoms, shirts, sweatpants, socks, sweaters, sweat-wicking shirts, sweat-wicking pants, tank tops, sports bras, leggings, men's underwear, women's underwear, yoga pants, jumpsuits, slides being footwear, bike shorts, sweat shorts, and basketball shorts; sweatshirts; t-shirts; socks; outerwear clothing, namely, beanies, bucket hats, trucker hats, fitted baseball hats, gloves, letterman jackets, bomber jackets, and yoga jackets; hats; footwear

The mark is in use in commerce on or in connection with all of the goods/services, or to indicate membership in the collective organization listed in the application or Notice of Allowance or as subsequently modified for this specific class.

The mark was first used by the applicant, or the applicant's related company, licensee, or predecessor in interest at least as early as 06/14/2023, and first used in commerce at least as early as 07/04/2024, and is now in use in such commerce. The applicant is submitting one specimen for the class showing the mark as used in commerce on or in connection with any item in the class, consisting of a(n) Webpage bearing mark in connection with sale of identified goods.

**Original PDF file:**
SPN2-2605a601909a1c0013b2 8e70b36874-20251128150625 145185 . Strong Survive G reatness Grows Tee___Only The Strong Survive.pdf
**Converted PDF file(s)** (4 pages)
Specimen File1
Specimen File2
Specimen File3
Specimen File4

Webpage URL: None Provided
Webpage Date of Access: None Provided

The applicant is not filing a Request to Divide with this Allegation of Use form.

**Correspondence Information**
JESSANY E GARRETT
PRIMARY EMAIL FOR CORRESPONDENCE: jessany@plummerlawgroup.com
SECONDARY EMAIL ADDRESS(ES) (COURTESY COPIES): NOT PROVIDED

**Requirement for Email and Electronic Filing:** I understand that a valid email address must be maintained by the applicant owner/holder and the applicant owner's/holder's attorney, if appointed, and that all official trademark correspondence must be submitted via the Trademark Electronic Application System (TEAS).

A fee payment in the amount of $450 will be submitted with the form, representing payment for the allegation of use for 3 classes.

**Declaration**

☑ The signatory believes that the applicant is the owner of the mark sought to be registered.
**For a trademark or service mark application,** the mark is in use in commerce on or in connection with all the goods/services in the application or notice of allowance, or as subsequently modified.
**For a collective trademark, collective service mark, collective membership mark application,** the applicant is exercising legitimate control over the use of the mark in commerce by members on or in connection with all the goods/services/collective membership organization in the application or notice of allowance, or as subsequently modified.
**For a certification mark application,** the applicant is exercising legitimate control over the use of the mark in commerce by authorized users on or in connection with the all goods/services in the application or notice of allowance, or as subsequently modified, and the applicant is not engaged in the production or marketing of the goods/services to which the mark is applied, except to advertise or

138

promote recognition of the certification program or of the goods/services that meet the certification standards of the applicant.

☑ The specimen(s) shows the mark as used on or in connection with the goods/services/collective membership organization in commerce.

☑ To the best of the signatory's knowledge and belief, no other persons, except, if applicable, authorized users, members, and/or concurrent users, have the right to use the mark in commerce, either in the identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services/collective membership organization of such other persons, to cause confusion or mistake, or to deceive.

☐ To the best of the signatory's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, the allegations and other factual contentions made above have evidentiary support.

☑ The signatory being warned that willful false statements and the like are punishable by fine or imprisonment, or both, under 18 U.S.C. § 1001, and that such willful false statements and the like may jeopardize the validity of the application or submission or any registration resulting therefrom, declares that all statements made of his/her own knowledge are true and all statements made on information and belief are believed to be true.


Signature: /JEG/    Date Signed: 11/28/2025
Signatory's Name: Jessany Garrett
Signatory's Position: Attorney of record
Signatory's Phone: 818-660-5072
Signature method: Signed directly within the form

PAYMENT: 97549083
PAYMENT DATE: 11/28/2025

Serial Number: 97549083
Internet Transmission Date: Fri Nov 28 15:40:51 ET 2025
TEAS Stamp: USPTO/SOU-XXXX:XXXX:XXXX:XXXX:XXX:XXX:XX
XX:XXXX-20251128154052707794-97549083-91
0b98b486deefaecd606f7e9a47338f275b50a666
1fdbe09d7db91771b5a858dd-CC-40519402-202
51128150625145185

139

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JANE DOE, an individual,

*Plaintiff,*

v.

RUSSELL D. REDEAUX, an individual; OTSS, LLC,

a limited liability company; and DOES 1 through 10,

*Defendants.*

Case No.: _____

# EXHIBIT Y

**Trademark Assignment Recording Documents
from USPTO
(Assignment of OTSS trademark from
IZMA Entertainment Inc. to Jane Doe,
recorded November 23, 2025)**

**EXHIBIT Y**

140

ASSIGNMENT OF TRADEMARK

FOR FILING WITH THE UNITED STATES PATENT AND TRADEMARK OFFICE

**TRADEMARK:** OTSS U.S. REGISTRATION NUMBER: 7896507 DATE OF REGISTRATION: August 19, 2025 INTERNATIONAL CLASS: 025

**PARTIES TO THE ASSIGNMENT:**

**ASSIGNOR (Party Assigning Rights):**

IZMA ENTERTAINMENT INC. A California Corporation 26565 Agoura Road #200 Calabasas, CA 91302

**ASSIGNEE (Party Receiving Rights):**

KATRINA SANCHEZ An Individual P.O. Box 1679 #4062 Sacramento, CA 95812

**ASSIGNMENT:**

IZMA ENTERTAINMENT INC., a California corporation ("Assignor"), for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, does hereby sell, assign, transfer, and convey unto KATRINA SANCHEZ, an individual ("Assignee"), all of Assignor's right, title, and interest in and to the following trademark:

Mark: OTSS

U.S. Registration Number: 7896507

Date of Registration: August 19, 2025 International

Class: 025 Goods and Services: As registered with the United States Patent and Trademark Office

This assignment includes all rights, title, and interest in and to the trademark, together with the goodwill of the business symbolized by the mark, and all registrations and applications related thereto.

**RECITALS:**

1. The OTSS trademark was registered with the United States Patent and Trademark Office on August 19, 2025, as Registration No. 7896507 in International Class 025, with Katrina Sanchez and IZMA Entertainment Inc. as co-owners.

2. The OTSS brand and trademark were created in June 2019 by Katrina Sanchez, founder of IZMA Entertainment Inc.

1



3. This assignment transfers all of IZMA Entertainment Inc.'s ownership interest in the OTSS
   trademark to Katrina Sanchez, making her the sole owner.

4. This assignment is made effective as of October 15, 2025.

**DECLARATION:**

Assignor hereby represents and warrants that:

a) Assignor is the lawful co-owner of the trademark being assigned;

b) Assignor has the right and authority to execute this assignment;

c) The trademark is free and clear of all liens, encumbrances, and adverse claims;

d) Assignor will execute any additional documents necessary to effectuate this assignment.

**EXECUTION:**

**IN WITNESS WHEREOF,** Assignor has caused this Assignment to be executed by its duly authorized
officer on the date set forth below.

**ASSIGNOR:** IZMA ENTERTAINMENT INC. 26565 Agoura Road #200 Calabasas, CA 91302

By: ___*TRINITY SANCHEZ*___
    TRINITY SANCHEZ (Oct 15, 2025 23:46:34 PDT)

Trinity Sanchez Chief Executive Officer

Date: October 15, 2025

**ASSIGNEE:**

By: _____
    KATRINA SANCHEZ (Oct 15, 2025 23:42:48 PDT)

Katrina Sanchez Individual P.O. Box 1679 #4062 Sacramento, CA 95812

Date: October 15, 2025

2

142