JANE DOE
P.O Box 1679 #4062
Sacramento, CA 95812
(805) 303-3768
Email: jdoeholdings2026@gmail.com
Safe at Home Participant

PLAINTIFF in *Pro Se*

FILED
2025 DEC -9 PM 2:42
[CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES]
BY____

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE, an individual<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>RUSSELL D. REDEAUX, an individual; OTSS, LLC, a limited liability company and DOES 1 through 10<br><br>　　　　　Defendant | Case No.: CV25-11686-PA(PVCx)<br><br>PLAINTIFF'S NOTICE OF MOTION AND MOTION TO PROCEED UNDER PSEUDONYM; MEMORANDUM OF POINTS AND AUTHORTIES<br><br>Date:<br>Time:<br>Dept: |

**NOTICE OF MOTION AND MOTION**

TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on _____ at _____, or as soon thereafter as the matter may be heard, in _____, Plaintiff Jane Doe will and hereby does move this Court for an order allowing Plaintiff to proceed under the pseudonym "Jane Doe" in this trademark infringement action.

This Motion is made pursuant to Federal Rule of Civil Procedure 10(a) and the Court's inherent authority to protect the privacy and safety of litigants. This Motion is based on this Notice of Motion, the Memorandum of Points and Authorities below, the Declaration of Jane Doe filed

concurrently herewith, all papers and pleadings on file in this action, and upon such other matters as may be presented to the Court at the hearing of this Motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Plaintiff respectfully requests permission to proceed under the pseudonym "Jane Doe" in this trademark infringement action. Plaintiff is a participant in California's Safe at Home program, a confidential address program administered by the California Secretary of State for individuals who face credible threats to their safety. Public disclosure of Plaintiff's identity and residential information in court filings would compromise Plaintiff's safety and that of her minor children. Defendant is fully aware of Plaintiff's true identity, and therefore will suffer no prejudice from this request.

### II. LEGAL STANDARD

Federal Rule of Civil Procedure 10(a) requires that complaints name all parties, but federal courts recognize exceptions allowing parties to proceed anonymously when special circumstances warrant protection. *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000).

The Ninth Circuit employs a balancing test, weighing the plaintiff's interest in anonymity against the public's interest in knowing the party's identity and the risk of unfairness to the defendant. Courts consider factors including:

1. Whether the plaintiff is challenging governmental activity;
2. Whether prosecution might result from disclosure;
3. Whether the litigation involves matters of a highly sensitive and personal nature;
4. Whether identification poses a risk of retaliatory physical or mental harm;
5. Whether the party is particularly vulnerable to such retaliation;
6. Whether the suit is challenging the privacy of others; and
7. Whether the plaintiff's identity has thus far been kept confidential.

*Does I thru XXIII*, 214 F.3d at 1068 (citing *Southern Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 712-13 (5th Cir. 1979)).

Additionally, courts recognize that enrollment in state-sanctioned protective programs, such as California's Safe at Home program, provides compelling evidence of legitimate safety concerns warranting anonymity. *See Doe v. Kamehameha Schools/Bernice Pauahi Bishop Estate*, 596 F.3d 1036, 1044 (9th Cir. 2010).

### III. ARGUMENT

**A. Plaintiff's Enrollment in Safe at Home Demonstrates Compelling Safety Concerns**

Plaintiff is an enrolled participant in California's Safe at Home confidential address program pursuant to California Code of Civil Procedure §§ 6205-6211. The Safe at Home program is designed to protect victims of domestic violence, stalking, sexual assault, trafficking, and other serious threats by providing confidential address services and shielding participants' residential information from public disclosure.

Enrollment in Safe at Home requires an application process overseen by the California Secretary of State, including certification by a designated victim services organization that the applicant faces a credible safety threat. Plaintiff's enrollment in this program constitutes official state recognition that public disclosure of her identity and location poses a genuine risk to her safety. The California Legislature has expressly declared that Safe at Home participants require confidentiality protections across all aspects of their lives, including legal proceedings. Allowing Plaintiff to proceed under a pseudonym is consistent with the protective purposes of the Safe at Home program.

**B. Multiple Factors Support Granting Plaintiff's Request**

Applying the *Does I thru XXIII* factors to this case:

**Factor 3 - Highly Sensitive Personal Safety Matters:** This litigation, while commercial in nature, directly implicates Plaintiff's personal safety. Plaintiff enrolled in Safe at Home specifically because of credible threats to her physical safety and that of her minor children. Public disclosure of her identity in court records would undermine the protections she sought through the Safe at Home program.

**Factor 4 - Risk of Retaliatory Physical or Mental Harm:** Plaintiff faces documented risks that necessitated her enrollment in a state confidential address program. Public disclosure of her identity would enable those who pose threats to locate and harm Plaintiff and her children.

**Factor 5 - Particular Vulnerability to Retaliation:** As a single mother of minor children enrolled in Safe at Home, Plaintiff is particularly vulnerable to retaliation. Her children's safety depends on maintaining the confidentiality that Safe at Home provides.

**Factor 7 - Identity Kept Confidential:** Through her Safe at Home enrollment, Plaintiff has consistently maintained confidentiality of her residential address and personal information. Requiring public disclosure in this litigation would defeat the protections she has carefully maintained.

### C. The Public Interest Does Not Outweigh Plaintiff's Safety Concerns

The public's general interest in open court proceedings is minimal in this commercial trademark dispute. This is not a case challenging governmental activity or involving matters of significant public concern that would require public identification of the parties. The case involves a straightforward trademark infringement claim between private parties.

Moreover, Defendant is fully aware of Plaintiff's true identity. Indeed, Defendant previously received official correspondence from the California Secretary of State Safe at Home program regarding Plaintiff. Defendant therefore cannot claim surprise or prejudice from Plaintiff's use of a pseudonym in court filings.

### D. No Prejudice to Defendant

Defendant suffers no prejudice from Plaintiff's request to proceed under pseudonym. Defendant knows Plaintiff's identity and the nature of her claims. Defendant can fully defend this action knowing exactly who has brought the lawsuit and what conduct is at issue. The only information shielded from Defendant by the pseudonym is Plaintiff's current residential address, which is already protected by her Safe at Home enrollment and to which Defendant has no legitimate need for access.

Defendant's counsel will have access to Plaintiff's true identity as necessary for litigation purposes, but that information need not be disclosed in public court filings accessible to the general public.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court grant her Motion to Proceed Under Pseudonym and allow her to litigate this action as "Jane Doe."

Dated: November 30, 2025

Respectfully submitted,

*[signature]*

**JANE DOE**

Plaintiff, in pro per

P.O Box 1679 #4062

Sacramento, CA 95812

(805) 303-3768

jdoeholdings2026@gmail.com